OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, Zachary Howell, appeals the decision of the Youngstown Municipal Court that accepted his no contest plea to one count of playing loud music in a vehicle in violation of Youngstown City Ordinance 539.07(b). Howell argues the trial court did not follow the procedures in Crim.R. 11(E) when accepting his plea.
 {¶ 2} The trial court did err in one respect; it failed to inform Howell that his no contest plea could not be used against him in any future proceeding. However, Howell was not prejudiced by this error. Accordingly, the trial court's decision is affirmed.
 {¶ 3} On April 17, 2003, Howell was cited by a Youngstown police officer for a violation of Y.C.O. 539.07(b) and a child restraint violation. In January 2004, Howell entered into a Crim.R. 11 plea agreement wherein he agreed to plead no contest to the Y.C.O. 539.07(b) violation. In exchange, the State agreed to dismiss the child restraint count. The trial court held a plea hearing. At the conclusion of the hearing, the trial court accepted Howell's plea of no contest, found him guilty, and sentenced him accordingly.
 {¶ 4} Howell's sole assignment of error argues:
 {¶ 5} "The Trial Court erred in accepting the Defendant's plea as the Court failed to follow the procedures established in Rule 11(E) of the Ohio Rules of Criminal Procedure, and therefore, violated the Defendant's Due Process Rights."
 {¶ 6} Howell contends the trial court erred when accepting his plea because it did not ensure that his plea was knowing and voluntary. Howell specifically argues that the trial court failed in the following respects: 1) it did not inform Howell that a no contest plea could not be used against him in a subsequent proceeding, 2) it did not advise Howell that a plea of no contest waived certain constitutional rights, 3) it neither read the complaint to Howell or sought an explanation of circumstances, and 4) it did not inform Howell that it could order that his sentence for this offense be served consecutive to sentences Howell was already serving.
 {¶ 7} This case involves a petty misdemeanor. See Crim.R. 2(C) and (D). Thus, Howell argues that Crim.R. 11(E) governs the procedures the trial court must follow when accepting his no contest plea. We note that this may not be true since the offense in question was a noise ordinance aimed at loud music in a motor vehicle. Crim.R. 1(C) provides that the Criminal Rules do not apply to cases governed by the Traffic Rules. Traf.R. 1(A) states that the Traffic Rules "prescribe the procedure to be followed in all courts of this state in traffic cases." And Traf.R. 2(A) defines a "traffic case" as, among other things, proceedings involving "one or more violations of a law, ordinance, or regulation governing the operation and use of vehicles." Thus, Crim.R. 11(E) would not apply in this case if the ordinance in question governs "the operation and use of vehicles", Traf.R. 10(D) would apply instead.
 {¶ 8} While this distinction may make some difference in another case, it makes no difference in this one. As the Ohio Supreme Court has noted, Crim.R. 11(E) and Traf.R. 10(D) contain identical language. Statev. Watkins, 99 Ohio St.3d 12, 2003-Ohio-2419, ¶ 15. Thus, we should apply them in identical manners. Our analysis would be the same regardless of whether we applied Crim.R. 11(E) or Traf.R. 10(D).
 {¶ 9} When arguing that the trial court did not engage in a sufficient dialogue with Howell when accepting his no contest plea, Howell relies on cases all decided before the Ohio Supreme Court's decision in Watkins.
Those cases all required that a trial court engage in a somewhat extensive colloquy with the defendant. But in Watkins the Ohio Supreme Court limited the dialogue required by either Crim.R. 11(E) or Traf.R. 10(D). Those Rules provide:
 {¶ 10} "In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." Id.
 {¶ 11} The Ohio Supreme Court held that a trial court complies with these Rules by informing the defendant of the information contained in either Crim.R. 12(B) or Traf.R. 10(B), which are entitled "Effect of guilty or no contest pleas." Watkins at syllabus. Thus, when reviewing whether the trial court complied with either Crim.R. 11(E) or Traf.R. 10(D), we must simply determine whether it informed Howell of the information in Crim.R. 12(B) or Traf.R. 10(B).
 {¶ 12} Howell first argues that the trial court failed to inform him that a no contest plea could not be used against him in a subsequent proceeding. Both Crim.R. 12(B)(2) and Traf.R. 12(B)(2) describe the effect of a no contest plea as follows:
 {¶ 13} "The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding."
 {¶ 14} The trial court informed Howell of the following effects of a no contest plea:
 {¶ 15} "[B]y entering a No Contest plea, you are not admitting your guilt; you're admitting to the facts alleged in the complaint, and based on those facts I can make a finding of guilty and impose the maximum sentence."
 {¶ 16} Thus, Howell's argument is correct, to a certain extent. The trial court never informed him of the other effect of a no contest plea, that the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding. But courts do not require strict compliance with Crim.R. 11 when nonconstitutional rights are involved. "Although rigid adherence to Crim.R. 11 is preferred, a court need only substantially comply with its requirements." State v. Bailes, 7th Dist. No. 01-CA-224, 2002-Ohio-5217, ¶ 10, citing Garfield Heights v. Mancini
(1997), 121 Ohio App.3d 155, 157. A court substantially complies with Crim.R. 11(E) when, under the totality of the circumstances, the defendant subjectively understands the implications of his plea. Statev. Nero (1990), 56 Ohio St.3d 106, 108. Before we can reverse a conviction because a trial court failed to comply with Crim.R. 11, the defendant must show a prejudicial effect. Id.
 {¶ 17} Howell cannot demonstrate a prejudicial effect in this case since the information the trial court failed to provide to him, that his plea cannot be used against him in further proceedings, is beneficial to him and an incentive to plead no contest. Howell's argument to the contrary is meritless.
 {¶ 18} Howell's second argument complains that the trial court failed to inform him that pleading no contest would waive certain constitutional rights. But the Ohio Supreme Court specifically rejected that argument inWatkins. Id. at ¶ 27, 28. It held that informing a defendant of those rights was only required in felony cases. Id. at ¶ 28. Thus, the trial court did not need to ensure that Howell knew and understood that he was waiving his constitutional rights.
 {¶ 19} Howell next argues that the trial court erred by accepting his no contest plea and finding him guilty without hearing an explanation of circumstances. R.C. 2937.07 provides that a trial court "may make a finding of guilty or not guilty from the explanation of the circumstances of the offense" after a defendant pleads no contest to a misdemeanor offense. The right to an explanation of circumstances is not abrogated by Crim.R. 11. Cuyahoga Falls v. Bowers (1984), 9 Ohio St.3d 148, 150. Thus, a no contest plea may not be the basis for a finding of guilt without an explanation of circumstances that includes a statement of the facts which support all of the essential elements of the offenses. Id. at 151.
 {¶ 20} However, a criminal defendant may waive the right to an explanation of circumstances when pleading guilty. North Ridgeville v.Roth, 9th Dist. No. 03CA008396, 2004-Ohio-4447, ¶ 12; State v. Smyers,
5th Dist. No. CT2003-0039, 2004-Ohio-0851, ¶ 12; Broadview Heights v.Burrows (Oct. 4, 2001), 8th Dist. No. 79161, at 2; State v. Ritch (May 11, 1998), 4th Dist. No. 97CA2491, at 3. In this case, the prosecutor stated that, as part of the plea agreement, Howell "waive[d] presentation of evidence and stipulate[d] to a finding of guilt." Howell's attorney agreed that the prosecutor's recitation of the plea agreement was correct. Thus, the prosecutor did not provide an explanation of circumstances because Howell waived his right to an explanation of circumstances. Howell's argument that the trial court erred by finding him guilty without an explanation of circumstances is meritless.
 {¶ 21} In his fourth and final argument, Howell contends the trial court erred since it did not inform him that it could order that any sentence for the current offense could be ordered to be served consecutive to any sentences he was currently serving. Watkins only requires that a court inform the defendant of the information in Crim.R. 11(B) or Traf.R. 10(B). The fact that a sentence could be ordered to run consecutive to any current sentences is not part of the information in those Rules. Accordingly, Howell's argument in this regard is meritless.
 {¶ 22} For the foregoing reasons, the trial court did not err when accepting Howell's no contest plea and the judgment of the trial court is affirmed.
Donofrio, P.J., concurs.
Waite, J., concurs.