OPINION
{¶ 1} Appellant Jonathan Thompson timely appeals his plea of no contest in two separate criminal cases in Youngstown Municipal Court. Appellant pleaded no contest to driving under suspension, a first degree misdemeanor, and to a charge of making a false statement to a police officer, also a first degree misdemeanor. Appellant asserts that he did not enter his plea knowingly, intelligently, and voluntarily. Due to the failure of the trial court to convey to Appellant the information contained in Crim.R. 11(B) and Traf.R. 10(B), this case is hereby reversed and remanded to the trial court for further proceedings.
 {¶ 2} On May 14, 2003, the Youngstown Police Department stopped and cited Appellant while driving on South Avenue in the City of Youngstown for: (1) driving under a suspension in violation of R.C. § 4507.02; (2) a cracked tail light in violation of R.C. § 4513.05; (3) failure to wear a seat belt in violation of Youngstown Municipal Code 337.27; and (4) improper display of front plate in violation of Youngstown Municipal Code 335.10.
 {¶ 3} On July 11, 2003, a Youngstown Police Officer charged Appellant with falsification in violation of R.C. § 2921.13(A)(3) for knowingly making a false statement to two police officers. Appellant then appeared in Youngstown Municipal Court and entered a plea of not guilty to all counts.
 {¶ 4} On October 27, 2003, Appellant changed his not guilty plea and entered a no contest plea to the driving under suspension and falsification charges. In exchange for his plea, the state dropped the remaining traffic counts.
 {¶ 5} On December 8, 2003, the court held a sentencing hearing. The court sentenced Appellant to ninety days of incarceration on the suspended license charge and thirty days of incarceration on the falsification charge, along with fines and court costs. The sentences were ordered to run consecutively.
 {¶ 6} On December 10, 2003, Appellant filed a motion to modify the sentences. On December 18, 2003, the motion was overruled. This timely appeal was filed on December 19, 2003. Upon Appellant's motion, the trial court ordered a stay of sentence pending this appeal.
 {¶ 7} On January 29, 2004, this Court ordered that a full transcript of the trial court proceedings be filed at state expense.
 {¶ 8} On May 24, 2004, Appellant's counsel was permitted to withdraw from the appeal, and Attorney Michael Gollings was appointed as substitute counsel.
 {¶ 9} On July 20, 2004, Appellant's counsel filed a "no merit" brief indicating that no viable assignments of error could be presented on appeal. Counsel also filed a motion to withdraw, pursuant to Anders v. California (1967), 386 U.S. 738,87 S.Ct. 1396, 18 L.Ed.2d 493, and pursuant to this Court's ruling inState v. Toney (1970), 23 Ohio App.2d 203, 52 O.O.2d 304, 262 N.Ed.2d 419. On August 3, 2004, this Court, following the dictates of Anders and Toney, filed a journal entry giving Appellant an additional opportunity to raise, pro se, any possible errors in the trial court proceedings.
 {¶ 10} On March 3, 2005, this Court filed a journal entry indicating that the transcript of the October 27, 2003, change of plea hearing had not been delivered as part of the record on appeal. We decided to hold counsel's motion to withdraw in abeyance until he had time to obtain and review the missing transcript. It is extremely disturbing to the Court that Appellant's counsel could file a "no merit" brief and a motion to withdraw prior to obtaining and reviewing the record of Appellant's plea hearing. Counsel was certainly entitled to receive all necessary transcripts at state expense pursuant to our prior order. The missing transcript was finally delivered to this Court on March 28, 2005, and it is a mere five pages in length. Counsel then delayed more than three additional months to supplement his earlier brief, based on his review of the October 27, 2003, transcript. On July 5, 2005, counsel submitted an amended brief with one assignment of error dealing with issues raised by the October 27, 2003, plea hearing, issues which could and should have been dealt with months earlier by counsel for Appellant.
 {¶ 11} Appellee has failed to submit a brief in this matter. Pursuant to App.R. 18(C), we may accept Appellant's statement of the facts and issues as correct and reverse the judgment if Appellant's brief reasonably appears to sustain such action.
 {¶ 12} Appellant's sole assignment of error states:
 {¶ 13} "THE TRIAL COURT ERRED WHEN ACCEPTING THE CRIM. R. 11(E) PLEA BY THE DEFENDANT AFTER NOT FULLY AND MEANINGFULLY HAVING A DIALOG WITH THE DEFENDANT REGARDING THE POTENTIAL CONSEQUENCES OF HIS PLEA."
 {¶ 14} Appellant argues that he did not enter his plea knowingly, intelligently and voluntarily, and should be permitted to withdraw his plea. Appellant argues that the trial court failed to follow the plea procedure set forth in Crim.R. 11, thus rendering his plea involuntary.
 {¶ 15} Crim.R. 11(E) states:
 {¶ 16} "In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty."
 {¶ 17} A "petty offense" is defined in Crim.R. 2(D) as, "a misdemeanor other than a serious offense." A "serious offense" is defined in Crim.R. 2(C) as, "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Appellant was charged with two crimes, both of which were first degree misdemeanors with a maximum possible penalty of six months in jail. Thus, Appellant's crimes were petty offenses, and the trial court was subject to the requirements of Crim.R. 11(E), particularly the requirement to inform Appellant of the effect of a no contest plea.
 {¶ 18} In State v. Watkins, 99 Ohio St.3d 12,2003-Ohio-2419, 788 N.E.2d 635, 2003-Ohio-2419, the Supreme Court held that a trial court satisfies the requirements of Traf.R. 10(D), which is substantially equivalent to Crim.R. 11(E), when it informs the defendant of the information contained in Traf.R. 10(B), which is substantially equivalent to Crim.R. 11(B). The pertinent part of Crim.R. 11(B) states:
 {¶ 19} "(B) Effect of guilty or no contest pleas. With reference to the offense or offenses to which the plea is entered:
 {¶ 20} "(1) The plea of guilty is a complete admission of the defendant's guilt.
 {¶ 21} "(2) The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding."
 {¶ 22} It appears from the record that the trial court did not comply with Crim.R. 11(E). Although the trial court did inform Appellant of certain rights that he was waiving by pleading no contest, the judge did not convey to Appellant the information contained in Crim.R. 11(B), and it is this information that now satisfies the requirements of Crim.R. 11(E). Therefore, Appellant's argument appears reasonable in light of the record in this case, and since there is no objection or response from Appellee, we hereby sustain Appellant's sole assignment of error. This is consistent with similar recent rulings we have made in light of the Watson case. See, e.g.,State v. Oklata, 7th Dist. No. 03 MA 62, 2004-Ohio-569. The judgment of the Youngstown Municipal Court is reversed, Appellant's no contest plea is vacated, and the case is remanded for further proceedings consistent with this Opinion.
Donofrio, P.J., and DeGenaro, J., concurs.