OPINION
{¶ 1} Defendant-appellant, Joseph Jones, Sr., appeals from Mahoning County Court Number Four judgments convicting him of one count of domestic violence and denying his motion to vacate his guilty plea to that charge.
 {¶ 2} On August 18, 2004, appellant was charged with three counts of domestic violence, first degree misdemeanors in violation of R.C. 2919.25. These charges stemmed from allegations made by his fiancée's children that appellant hit them with an electric fly swatter. The children were ages 11 and 16 at the time. The matter was set for trial.
 {¶ 3} On March 9, 2005, appellant filed a motion to dismiss based on the unconstitutional application of the domestic violence statute in light of Ohio's Constitutional amendment to include Article XV.[1]
 {¶ 4} Nonetheless, two days later appellant appeared in court for his trial date. At this time, appellant changed his plea to guilty to one count of domestic violence.
 {¶ 5} The trial court found appellant guilty and sentenced him to 180 days in jail, 170 days suspended; a $150 fine, plus jury costs; 12 months of reporting probation; anger management classes; and a psychological evaluation with counseling if necessary. Appellant subsequently retained new counsel and filed a timely notice of appeal.
 {¶ 6} Appellant served his ten-day jail sentence and then filed a motion to stay the balance of his sentence pending appeal. Appellant also filed a motion to withdraw his guilty plea. This court issued a limited remand so that the trial court could rule on appellant's motion to vacate his guilty plea. The trial court held a hearing on the motion and subsequently denied it. Appellant then filed another timely notice of appeal.
 {¶ 7} Initially, it should be noted that while appellant voluntarily served his jail sentence, it is not apparent from the record whether he completed the remainder of his sentence. This is important because when a defendant, convicted of a misdemeanor, voluntarily satisfies the judgment imposed upon him for that offense, an appeal from the conviction is moot unless the defendant offers evidence from which an inference can be drawn that he will suffer some collateral disability or loss of civil rights stemming from the conviction. State v. Golston
(1994), 71 Ohio St.3d 224, 226, 643 N.E.2d 109. Appellant filed a motion with the trial court to stay the remainder of sentence; but it appears that the trial court never ruled on it. Generally, if a court fails to rule on a motion, we can presume it overruled the motion. However, in this case there is no indication that appellant did in fact pay his fine and jury costs or that he attended the court-ordered anger management classes and psychological evaluation. We should not presume that he did so especially in light of the fact that he filed a motion to stay that portion of his sentence. See In re Payne, 1st Dist. No. C-040705, 2005-Ohio-4849, at ¶ 4 ("While the record does not demonstrate that Payne filed for a stay of the trial court's judgment, neither does it demonstrate that Payne had actually been notified to report for his work detail or that he had paid his court costs. We decline to find the appeal moot on this record, especially when Payne does not have any prior juvenile adjudications.") Thus, we will consider the merits of appellant's appeal.
 {¶ 8} Appellant raises two assignments of error, the first of which states:
 {¶ 9} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO INFORM THE APPELLANT OF THE FACT THAT HE COULD ENTER A PLEA OF NO CONTEST TO A CHARGE OF DOMESTIC VIOLENCE, FOR WHICH HE WAS CONVICTED, AS REQUIRED BY OHIO R. CRIM. PROC. 11(E)."
 {¶ 10} Appellant argues that the trial court erred in accepting his plea because the court failed to inform him of the effect of the plea of no contest. He contends that because the court failed to inform him of the effect of a no contest plea, he was not apprised that he could have challenged the validity of the domestic violence statute on appeal if he pled no contest instead of guilty.
 {¶ 11} Before accepting appellant's plea, the trial court engaged in the following colloquy with him:
 {¶ 12} "THE COURT: * * * First of all, do you understand that you do have a right to have a trial in this matter and the trial can be held in front of either a jury or a judge? Do you understand that?
 {¶ 13} "MR. JONES: Yes.
 {¶ 14} "THE COURT: As a matter of fact, you understand we're set for a trial by jury today and you saw the jurors out there ready to go forward; correct?
 {¶ 15} "MR. JONES: Yes.
 {¶ 16} "THE COURT: You understand that if you enter this plea that you are now giving up that right to the jury that you and your attorney demanded; do you understand that?
 {¶ 17} "MR. JONES: Yes.
 {¶ 18} "THE COURT: You understand that at that trial the State of Ohio would have been required to prove your guilt beyond a reasonable doubt. Do you understand that?
 {¶ 19} "MR. JONES: Uh-huh.
 {¶ 20} "THE COURT: You understand that at that trial you would have had the right to subpoena witnesses for you and the right to cross examine any against you. Understand that?
 {¶ 21} "MR. JONES: Yes.
 {¶ 22} "THE COURT: And you understand that at that trial you would have had the right to testify yourself or to remain silent, and had you chosen to remain silent that no one would have been allowed to comment on that fact. Do you understand that, sir?
 {¶ 23} "MR. JONES: Yes.
 {¶ 24} "THE COURT: Finally, you understand that by pleading guilty that you do put yourself on the mercy of the court regardless of what is in this plea agreement and that you could receive up to 180 days in the county jail today and a fine of up to $1,000 in court costs. Do you understand that?
 {¶ 25} "MR. JONES: Yes.
 {¶ 26} "THE COURT: Okay. Do you want to waive or give up those rights now and enter a plea of guilt to one count of domestic violence?
 {¶ 27} "* * *
 {¶ 28} "THE COURT: Is that what you want to do, sir?
 {¶ 29} "MR. JONES: Yeah, I guess.
 {¶ 30} "THE COURT: Well, you don't have to guess. You have to tell me. Only you know.
 {¶ 31} "MR. JONES: Yes.
 {¶ 32} "THE COURT: Okay. You've had the opportunity to discuss this with your attorney; correct?
 {¶ 33} "MR. JONES: Yes." (Plea hearing Tr. 3-5).
 {¶ 34} Appellant pled guilty to domestic violence in violation of R.C. 2919.25(A). It is a first degree misdemeanor subject to a sentence of 180 days. R.C. 2919.25(D)(1)(2); R.C.2929.24(A)(1). Thus, it is a petty offense. Crim.R. 2(D).
 {¶ 35} Crim.R. 11(E) provides: "In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty."
 {¶ 36} Some courts have held that a trial court substantially complies with Crim.R. 11(E) by notifying the defendant of the maximum penalties that could result from the plea and the waiver of the right to a jury trial that results from the plea. SeeState v. Horton-Alomar, 10th Dist. No. 04AP-744,2005-Ohio-1537; State v. Raby, 2d Dist. No. 2004-CA-88,2005-Ohio-3741.
 {¶ 37} But this court has held that since the Ohio Supreme Court's decision in State v. Watkins, 99 Ohio St.3d 12,788 N.E.2d 635, 2003-Ohio-2419, the trial court need only engage in the dialogue required by Crim.R. 11(E). State v. Howell, 7th Dist. No. 04-MA-31, 2005-Ohio-2927; State v. Thompson, 7th Dist. No. 03-MA-247, 2005-Ohio-6448; State v. Logue, 7th Dist. No. 02-BE-29, 2004-Ohio-387.
 {¶ 38} In Watkins, the defendant pled no contest to a second offense DUI. He appealed arguing the court should have engaged him in a Crim.R. 11(C) colloquy before sentencing him. The appellate court affirmed the conviction. The Ohio Supreme Court found that a conflict existed between the districts and ordered the parties to brief the issue:
 {¶ 39} "`Where a defendant charged with a petty offense changes his plea of not guilty to a plea of guilty or no contest, does the trial court comply with Traf.R. 10(D) and Crim.R. 11(E) by informing the Defendant of the information contained in Traf.R. 10(B) or Crim.R. 11(B) or must the trial court engage in a colloquy with the defendant that is substantially equivalent to that required by Crim.R. 11(C) in felony cases?'" Watkins,
99 Ohio St.3d at ¶ 9.
 {¶ 40} The Court concluded that, "[w]hen a defendant charged with a petty misdemeanor traffic offense pleads guilty or no contest, the trial court complies with Traf.R. 10(D) by informing the defendant of the information contained in Traf.R. 10(B)." Id. at the syllabus. In so holding, the court noted that the Traffic Rules applied to the case since it involved a DUI and that Crim.R. 11(E), which applies to non-traffic misdemeanors involving petty offenses, is identical in all relevant aspects to Traf.R. 10(D).
 {¶ 41} Crim.R. 11(B) is titled "Effect of guilty or no contest pleas" and provides, in relevant part:
 {¶ 42} "With reference to the offense or offenses to which the plea is entered:
 {¶ 43} "(1) The plea of guilty is a complete admission of the defendant's guilt.
 {¶ 44} "(2) The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding."
 {¶ 45} The Watkins Court concluded that while a trial court does not have to engage in a Crim.R. 11(C) colloquy with the defendant before accepting his plea to a petty offense, it must inform the defendant of the effect of his plea. Watkins,
99 Ohio St.3d at ¶ 26.
 {¶ 46} Likewise, in Howell, supra, we observed that a trial court complies with Crim.R. 11(E) by informing the defendant of the information contained in Crim.R. 11(B), which is entitled "Effect of guilty or no contest pleas." Howell, 7th Dist. No. 04-MA-31, at ¶ 11, citing Watkins at the syllabus. Thus, we concluded that when reviewing whether a trial court complied with Crim.R. 11 (E), we must simply determine whether it informed the defendant of the information in Crim.R. 11(B).
 {¶ 47} Additionally, in Logue, supra, and Thompson,
supra, we reversed the defendants' convictions and vacated their pleas because the trial court failed to advise them of theeffects of their pleas. In Logue, the defendant entered a guilty plea to driving under the influence. Three days after pleading guilty, the defendant filed a motion to withdraw his plea alleging that the court never inquired if his plea was made knowingly, intelligently, and voluntarily. The trial court denied the motion and the defendant appealed. We reversed the trial court's judgment, finding that the trial court never advised the defendant of the effect of his plea as set out in Traf.R. 10(B). We concluded, "In other words, the court never told appellantthat a guilty plea is a complete admission of his guilt. The court did inform appellant of the possible sentences he faced and the fact that he was entitled to a jury trial. This information, while helpful to appellant, does not satisfy Watkins and Traf.R. 10(D)." (Emphasis added.) Logue, 7th Dist. No. 02-BE-29, at ¶ 22. And in Thompson, the defendant pleaded no contest to driving under suspension and making a false statement to a police officer. On appeal, he argued that he did not enter his plea knowingly, intelligently, and voluntarily. We reversed the conviction and vacated the defendant's plea. We found that "[a]lthough the trial court did inform Appellant of certain rights that he was waiving by pleading no contest, the judge did not convey to Appellant the information contained in Crim.R. 11(B), and it is this information that now satisfies the requirements of Crim.R. 11(E)." Thompson, 7th Dist. No. 03-MA-247, at ¶ 22.
 {¶ 48} In this case, while the trial court went to great lengths to inform appellant of certain constitutional rights he was waiving by pleading guilty, it never informed him of theeffect of his guilty plea or the effect of a no contest plea as is required by Crim.R. 11(B), Crim.R. 11(E), and Watkins.
Thus, we must conclude that appellant did not enter his plea knowing, voluntarily, and intelligently. Accordingly, appellant's first assignment of error has merit.
 {¶ 49} Appellant's second assignment of error states:
 {¶ 50} "THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR BY OVERRULING APPELLANT'S MOTION TO WITHDRAW PLEA OF GUILTY UNDER CRIM. R. 32.1"
 {¶ 51} Given the merit of appellant's first assignment of error, his second assignment of error is now moot.
 {¶ 52} Based on the merit of appellant's first assignment of error, the trial court's judgment is hereby reversed. Appellant's plea is vacated and this case is remanded for further proceedings pursuant to law and consistent with this opinion.
Waite, J., concurs.
DeGenaro, J., concurs.
[1] In December 2004, the Ohio Constitution was amended to include Article XV. Section 11, the defense of marriage provision, states: "Only a union between one man and one woman may be a marriage valid in or recognized by this state and its political subdivisions. This state and its political subdivisions shall not create or recognize a legal status for relationships of unmarried individuals that intends to approximate the design, qualities, significance or effect of marriage." This amendment has been used to challenge the constitutionality of the domestic violence statute when applied to people who are not related.