OPINION *Page 2 
{¶ 1} Appellant Samuel C. McGilton appeals his conviction and sentence on one count of public indecency. Appellant entered a no contest plea to a third-degree misdemeanor charge. The case was heard in the Belmont County Court, Eastern Division. Appellant argues that his speedy trial rights were violated; that the trial court did not follow Crim.R. 11(E) when it accepted the no contest plea; and that he was denied his right of allocution at sentencing. The record does not indicate any speedy trial violation or denial of the right of allocution. The record does indicate that the trial court failed to inform Appellant of the effect of his plea of no contest, which violates the requirements of Crim.R. 11(E). Nevertheless, Appellant has failed to allege any prejudice in the court's error, and without proof of prejudice the trial court's error is not reversible. The conviction and sentence are affirmed in full.
 BACKGROUND OF THE CASE {¶ 2} Appellant was arrested on March 17, 2006, for the crime of public indecency, R.C. 2907.09(B)(3), a second degree misdemeanor. He was caught masturbating while seated in a chair in the Bellaire Public Library in Belmont County. On May 18, 2006, Appellant requested a continuance of trial, and in open court his counsel granted a blanket waiver of speedy trial rights. Numerous other continuances were requested over the next few months, and a jury trial was eventually set for January 17, 2007. Appellant filed a motion to dismiss on speedy trial grounds, which was overruled on January 11, 2007. On that same day, *Page 3 
Appellant entered into a plea agreement with the state. A plea hearing was held on January 18, 2007, and the court accepted Appellant's no contest plea to a reduced charge of third degree misdemeanor public indecency. The court's judgment entry of January 18, 2007, reflects that the court imposed a fine of $200, along with court costs, one year of probation, and ordered Appellant to stay out of the Bellaire Public Library. This timely appeal followed on February 14, 2007.
 ASSIGNMENT OF ERROR NO. 1 {¶ 3} "THE TRIAL COURT COMMITTED ERROR BY NOT GRANTING THE APPELLANT'S MOTION TO DISMISS FOR A VIOLATION OF THE APPELLANT'S SPEEDY TRIAL RIGHTS."
 {¶ 4} Appellant contends that his statutory speedy trial rights were violated. The standard of review of a statutory speedy trial violation involves counting the days of delay chargeable to either side and determining whether the case was tried within the time limits set by R.C. 2945.71. State v. High, 143 Ohio App.3d 232, 2001-Ohio-3530. Appellant was originally charged with a second degree misdemeanor count of public indecency pursuant to R.C. 2907.09(B)(3). The state had 90 days within which to try Appellant for the charge, as set forth in R.C.2945.71 (B)(2):
 {¶ 5} "(B) * * * a person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial as follows:
 {¶ 6} "* * * *Page 4 
 {¶ 7} "(2) Within ninety days after the person's arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days."
 {¶ 8} Each day a defendant is held in jail in lieu of bond is counted as three days for purposes of speedy trial calculations. R.C.2945.71(E). The time required to bring a defendant to trial is extended, under R.C. 2945.72(E), by any delay necessitated by a motion, proceeding or action instituted by the accused. Speedy trial rights may also be waived in writing or in open court. State v. King (1994),70 Ohio St.3d 158, 637 N.E.2d 903, paragraph one of the syllabus.
 {¶ 9} Appellant was arrested on March 17, 2006, and was immediately released on bond. The date of arrest is not counted against the state for purposes of speedy trial calculations. State v. Stamps (1998),127 Ohio App.3d 219, 223, 712 N.E.2d 762. A bench trial was scheduled for May 18, 2006.
 {¶ 10} On May 18, 2006, Appellant requested a continuance of trial until August 17, 2006. Appellant also filed a written waiver of his speedy trial rights on the same day. Sixty-two days of the speedy trial clock had elapsed. On July 28, 2006, Appellant requested another continuance of trial, and trial was rescheduled for August 24, 2006. On the day of trial, Appellant agreed to another continuance until September 7, 2006. On August 30, 2006, Appellant for the first time demanded a jury trial, which necessitated that trial be reset for September 19, 2006. Appellant subsequently filed a series of motions including a motion to suppress. A motion *Page 5 
hearing was set for October 26, 2006, but Appellant did not actually file his written motion until that day, which necessitated another delay of the motion hearing until December 7, 2006. The court overruled the motion to suppress, as well as a further motion to dismiss, that same day, and trial was rescheduled for January 17, 2007. On January 11, 2007, Appellant filed his motion to dismiss on speedy trial grounds.
 {¶ 11} We have held that, "[a] waiver that expressly waives the accused's right to a speedy trial under the statute without mentioning a specific time period is unlimited in duration." State v. Green, 7th Dist. No. 01 CA 54, 2003-Ohio-3074, ¶ 11.
 {¶ 12} On May 18, 2006, Appellant's counsel granted a blanket waiver of speedy trial time for the indefinite future. In a hearing held that same day, the prosecutor specifically asked Appellant's counsel if he would agree to, "an outright waiver of time," and counsel agreed. (5/18/06 Tr., p. 5.) The prosecutor asked Appellant's counsel again to state his waiver, to be clear that speedy trial time would not run in July or August, and Appellant's counsel answered: "That's fine. It's at our request." (5/18/07 Tr., p. 5.) The trial court's subsequent journal entry reflected that Appellant waived his speedy trial rights at that hearing.
 {¶ 13} Appellant clearly waived his right to speedy trial in open court on May 18, 2006. It was an unlimited waiver. There is no other indication in the record that Appellant withdrew this waiver. Thus, his waiver is valid and there is no speedy trial violation in this case. Furthermore, all delays after May 18, 2006, are clearly attributable to Appellant. Appellant acknowledges that only 62 of the 90 speedy trial *Page 6 
days had been used by May 18, 2006. Appellant's first assignment of error is overruled. *Page 7 
 ASSIGNMENT OF ERROR NO. 2 {¶ 14} "THE TRIAL COURT COMMITTED ERROR AND VIOLATED CRIMINAL RULE 11 BY ACCEPTING THE APPELLANT'S NO CONTEST PLEA BECAUSE IT DID NOT ADEQUATELY ENSURE THAT THE APPELLANT KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY ENTERED HIS NO CONTEST PLEA TO THE AMENDED CRIMINAL CHARGE."
 {¶ 15} Appellant questions whether the trial court complied with Crim.R. 11 (E), which requires the court to inform a defendant of the effect of entering a no contest plea. As a preliminary matter, Appellee suggests that Appellant waived the right to challenge on appeal whether the trial court complied with Crim.R. 11(E) because he agreed to a general waiver of all issues on appeal except for the speedy trial issue. (1/18/06 Tr., p. 4.) There are some problems with Appellee's argument. First, the trial court never told Appellant he was waiving the right to have the trial court explain to him the effect of pleading guilty, as required by Crim.R. 11(E). A waiver is an intentional relinquishment of a known right. State v. Bays (1999), 87 Ohio St.3d 15,19, 716 N.E.2d 1126. There is no indication in the record that Appellant knew he was giving up his Crim.R. 11(E) rights, and thus, it is difficult to conclude that he intentionally waived those rights.
 {¶ 16} Second, the trial court also failed to explain to Appellant what rights he was giving up by waiving the right to appeal. Once again, it is difficult to find an intentional waiver here when nothing was explained to Appellant during the plea hearing. *Page 8 
 {¶ 17} Third, there is no caselaw supporting the notion that a defendant can waive not only the rights protected by Crim.R. 11, but also waive the due process requirements of Crim.R. 11 itself. In essence, Appellee is arguing that a simple statement from the defendant's counsel that he was only preserving the speedy trial issue for review meant that the trial court could dispense with any and all requirements governing the acceptance of the no contest plea. Generally, a no contest plea does not constitute a waiver of issues on appeal.State v. Carter (1997), 124 Ohio App.3d 423, 428, 706 N.E.2d 409. Furthermore, a defendant always retains the right to challenge errors related to the entry of the plea itself, including whether the plea was entered voluntarily. State v. Kelley (1991), 57 Ohio St.3d 127,566 N.E.2d 658, paragraph two of the syllabus; Boykin v. Alabama (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 27.
 {¶ 18} There is no indication from this record that Appellant waived the right to have the trial court abide by the mandate set forth in Crim.R. 11(E), and therefore, Appellant has the right to raise the issue of compliance with Crim.R. 11(E) on appeal.
 {¶ 19} Proceeding to address Appellant's substantive argument, he asserts that the trial court must comply with Crim.R. 11(E) before accepting a no contest plea. Crim.R. 11(E) states:
 {¶ 20} "(E) Misdemeanor cases involving petty offenses. In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." *Page 9 
 {¶ 21} In State v. Watkins, 99 Ohio St.3d 12, 2003-Ohio-2419,788 N.E.2d 635, the Ohio Supreme Court held that in cases involving a guilty or no contest plea to a "petty offense," the trial court is required to follow Crim.R. 11(E). A "petty offense" is one that is subject to a penalty of no more than six months in jail. Crim.R. 2(C) and (D). TheWatkins case did not precisely define the exact words a trial court should use to inform a defendant of the effect of a plea of guilty, no contest, or not guilty. We subsequently determined in State v.Jones, 7th Dist. No. 05-MA-69, 2006-Ohio-3636, that the only information a trial court is required to share with the accused during a plea hearing for petty offenses is the information contained in Crim.R. 11(B):
 {¶ 22} "(B) Effect of guilty or no contest pleas. With reference to the offense or offenses to which the plea is entered:
 {¶ 23} "(1) The plea of guilty is a complete admission of the defendant's guilt.
 {¶ 24} "(2) The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding."
 {¶ 25} The Jones case was recently reviewed by the Ohio Supreme Court.State v. Jones, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677. Although the Supreme Court reversed our decision, in large part it agreed with the analysis used in the appellate opinion. The Supreme Court agreed that, in petty offense cases, the trial court is only required to inform the defendant of the effect of the specific plea that is entered, whether it be a plea of guilty or a plea of no contest. Id. at paragraph one *Page 10 
of the syllabus. The Supreme Court agreed that a trial court is required to notify the defendant only of the effect of the plea as set forth in Crim.R. 11 (B). Id. at paragraph two of the syllabus. The Supreme Court rejected the idea that the trial court could satisfy Crim.R. 11(E) by informing the defendant of such things as the maximum penalty that could be imposed for the crime, or that there is a right to trial by jury, as a substitute for informing the defendant of the effect of the plea as set forth in Crim.R. 11(B). Id. at ¶ 22. The Supreme Court agreed that the trial court failed to inform defendant Jones of the effect of entering a guilty plea as defined in Crim.R. 11(B)(1).
 {¶ 26} The Supreme Court in Jones, though, held that the right to be informed of the effect of entering a plea is a nonconstitutional right, and that a failure of the trial court to comply with nonconstitutional rights will not be reversed absent a demonstration of some type of prejudicial effect from the error. Id. at ¶ 56. The test for prejudice is, "whether the plea would have otherwise been made." State v.Nero (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474. The Jones Court then reviewed the totality of the circumstances to determine if the defendant subjectively understood the effect of his plea, relying on its prior holding in State v. Griggs, 103 Ohio St.3d 85, 2004-Ohio-4415,814 N.E.2d 51. In Griggs, the Court held that, "a defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt. In such circumstances, a court's failure to inform the defendant of the effect of his guilty plea as required by Crim.R. 11 is presumed not to be prejudicial." Id. at ¶ 19. The Jones Court determined that defendant Jones did not claim actual innocence and that there was *Page 11 
no prejudice in the trial court's failure to inform him of the effect of entering a guilty plea.
 {¶ 27} The instant case involves a no contest plea, not a guilty plea. There does not appear to be any requirement for a defendant to assert actual innocence in order to allege prejudicial error in the failure of the trial court to inform the defendant of the effect of entering a plea of no contest. Prejudice may be found from the totality of the circumstances.
 {¶ 28} The record indicates that Appellant pleaded no contest to a third degree misdemeanor punishable to up to 60 days in jail. This charge is a petty offense. Pursuant to Crim.R. 11(E), the trial court was required to inform Appellant, as found in Crim.R. 11(B)(2), that his plea was not an admission of guilt, but rather, was an admission to the facts set forth in the complaint. There is no indication in the record that the trial court ever shared this information with Appellant, and therefore, the trial court failed to comply with Crim.R. 11(E). Nevertheless, Appellant has failed to claim that any prejudice arose from the court's error. There is no indication in the record that the facts of the case were in dispute, or that Appellant would have changed his plea if he knew that "no contest" meant admitting to the truth of the facts in the complaint rather than admitting guilt. Without some demonstration in the record of prejudice, the trial court's failure to comply with Crim.R. 11(E) cannot constitute reversible error. Therefore, this assignment of error is without merit. *Page 12 
 ASSIGNMENT OF ERROR NO. 3 {¶ 29} "THE TRIAL COURT COMMITTED ERROR AND VIOLATED CRIMINAL RULE 32 BY NEGLECTING TO ADDRESS THE APPELLANT PRIOR TO SENTENCING."
 {¶ 30} Appellant contends that he was not asked by the trial court if he wanted to make a statement before sentence was imposed. Crim.R. 32(A)(1) requires the trial court to personally address the defendant before sentencing and ask if he or she wishes to make a statement. Although the right to make a final statement before sentencing, which courts refer to as the right of allocution, is not a constitutional right, it is firmly rooted in common law tradition. The rules of criminal procedure also impose an absolute duty on the trial court to preserve this right. State v. Brown, 166 Ohio App.3d 252,2006-Ohio-1796, 850 N.E.2d 116, ¶ 7-8.
 {¶ 31} "The right of a defendant to make a final statement prior to sentencing * * * applies to both misdemeanor and felony convictions."State v. Robenolt, 7th Dist. No. 04 MA 104, 2005-Ohio-6450, ¶ 14.
 {¶ 32} It appears from the record that the trial court gave Appellant one final opportunity to address the court prior to sentencing. The court accepted Appellant's plea, outlined the sentence recommended by the prosecutor, then addressed Appellant and stated: "Anything else on behalf of the defendant?" (1/18/07 Tr., p. 5.) Appellant mentioned that he was 73 years old, and his counsel stated that Appellant had served his country in the military and had no prior criminal convictions. These comments were made to mitigate the sentence, which is one of the purposes of *Page 13 
allocution. The record indicates that Appellant and his counsel understood the right of allocution, were given the opportunity to make one final statement before sentencing, and actually made such a statement. Therefore, this assignment of error is overruled.
 {¶ 33} In conclusion, the record indicates that the state complied with the speedy trial statute and provided Appellant with the right of allocution. The trial court did fail to comply with Crim.R. 11(E), but there is no showing that any prejudice resulted from the court's error, and thus, the court did not commit reversible error. For these reasons, Appellant's conviction and sentence are affirmed.
Donofrio, J., concurs.
 Vukovich, J., concurs. *Page 1