OPINION
{¶ 1} Appellant Marco A. Giovanni II, pleaded guilty in the Mahoning County Court No. 4 to one count of unlawful sexual contact with a minor, a first degree misdemeanor. The court imposed jail time, but suspended the jail sentence, placed Appellant on probation, and imposed a fine. Appellant argues on appeal that the trial court violated Crim. R. 11(E) since it failed to advise him that his plea was a complete admission of guilt. He also contends that the trial judge failed to secure an actual plea of guilty on the record at the plea hearing. A review of the record establishes that Appellant suffered no prejudice from any error in the lower court proceedings, and the conviction and sentence are affirmed.
 {¶ 2} On July 30, 2006, Appellant engaged in sexual conduct with a fifteen-year-old girl. Appellant was nineteen years old at the time. The victim's mother learned about the encounter and pressed charges. As a result, Appellant was charged with unlawful sexual contact with a minor (previously called "corruption of a minor"), a violation of R.C. 2907.04. Because Appellant was less than four years older than the victim, the crime was a first degree misdemeanor pursuant to R.C. 2907.04(B)(2). On February 7, 2007, he pleaded guilty to the charged offense.
 {¶ 3} A review of the plea and sentencing hearing transcript reveals the following dialogue:
 {¶ 4} "THE COURT: * * * It's my understanding you're represented by counsel and at this point in time there's going to be a plea of guilty to the charge of corruption of a minor. It's my understanding you've had an opportunity to speak to your lawyer about this and you understand that by changing your plea to a plea of *Page 2 
guilty you will not have a trial to this court or a trial to the jury. Do you understand that?
 {¶ 5} "THE DEFENDANT: Yes, sir.
 {¶ 6} "THE COURT: Okay. You also understand that by pleading guilty you're not going to be able to call any witnesses on your behalf, cross-examine any state witnesses, and you're not requiring the state to prove its case beyond a reasonable doubt. Do you understand that? We're not going to have a trial, so we won't be listening to any witnesses. Do you understand that?
 {¶ 7} "THE DEFENDANT: Yes, Your Honor.
 {¶ 8} "THE COURT: Okay. Do you also understand that by entering a plea of guilty on this offense that you're admitting that you were involved with corruption of a minor, a misdemeanor of the first degree, and you can get up to $1,000 fine, up to a six-month jail sentence. Do you understand that?
 {¶ 9} "THE DEFENDANT: Yes, Your Honor.
 {¶ 10} "THE COURT: You've had an opportunity to speak to your lawyer about this matter; is that correct?
 {¶ 11} "THE DEFENDANT: Yes, Your Honor.
 {¶ 12} "THE COURT: Do you have any questions regarding the rights as I've explained them to you?
 {¶ 13} "THE DEFENDANT: No. *Page 3 
 {¶ 14} "THE COURT: Okay. I don't know if you had an opportunity to review this, but I need you to read these eight items. If you understand them, I need your signature there.
 {¶ 15} [Defendant signs]
 {¶ 16} "THE COURT: Do you understand all those rights as you've read them?
 {¶ 17} "THE DEFENDANT: Yes, Your Honor.
 {¶ 18} "THE COURT: Do you have any questions regarding any of these rights?
 {¶ 19} "THE DEFENDANT: No, Your Honor.
 {¶ 20} "THE COURT: Okay. And at this time you wish to enter a plea of guilty to the charge; do you understand that?
 {¶ 21} "THE DEFENDANT: Yes, Your Honor.
 {¶ 22} "THE COURT: Okay. The court will accept the plea of guilty to the charge of corruption of a minor. * * *" (Feb. 7, 2007 Plea and Sentencing Tr., pp. 2-4.)
 {¶ 23} Appellant was ordered to refrain from having any contact with the victim. He was sentenced to 180 days in jail, which was suspended, and six months reporting probation. He was also ordered to pay a $500 fine and ordered to register as a sexually oriented offender.
 {¶ 24} On March 15, 2007, Appellant filed his notice of appeal with this Court.
 {¶ 25} Appellant's assignments of error are addressed collectively and assert: *Page 4 
 {¶ 26} "The Trial Court erred in finding the Appellant guilty and sentencing the appellant, including the requirement to register as a sexually oriented offender without complying with Criminal Rule 11(E).
 {¶ 27} "The Trial Court erred in finding the Appellant guilty and sentencing the appellant, including the requirement to register as a sexually oriented offender without the Defendant ever actually entering a plea of guilt. [sic]"
 {¶ 28} Appellant argues that the trial court failed to comply with Crim. R. 11(E) by failing to inform him of the effect of his guilty plea, meaning that the judge failed to recite the information in Crim. R. 11(B). He also alleges that a review of the sentencing transcript establishes that he never actually entered a plea. We will examine both of these issues in turn.
 {¶ 29} R.C. 2907.04 provides in pertinent part:
 {¶ 30} "(A) No person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard.
 {¶ 31} "(B) Whoever violates this section is guilty of unlawful sexual conduct with a minor.
 {¶ 32} "(1) Except as otherwise provided in divisions (B)(2), (3), and (4) of this section, unlawful sexual conduct with a minor is a felony of the fourth degree. *Page 5 
 {¶ 33} "(2) Except as otherwise provided in division (B)(4) of this section, if the offender is less than four years older than the other person, unlawful sexual conduct with a minor is a misdemeanor of the first degree."
 {¶ 34} Crim. R. 11(E), "[m]isdemeanor cases involving pettyoffenses" states: "In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall notaccept such plea without first informing the defendant of the effect ofthe pleas of guilty, no contest, and not guilty." (Emphasis added.)
 {¶ 35} Appellant pleaded guilty to a first degree misdemeanor and was subject to a maximum sentence of 180 days in jail. R.C. 2929.24(A)(1). As such, it is a petty offense. Crim. R. 2(D). Therefore, the trial court was required to inform him of the effect of his plea prior to accepting the plea, pursuant to Crim. R. 11(E). The effect of a plea is set forth in Crim. R. 11(B), which states in part:
 {¶ 36} "With reference to the offense or offenses to which the plea is entered:
 {¶ 37} "(1) The plea of guilty is a complete admission of the defendant's guilt.
 {¶ 38} "(2) The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding.
 {¶ 39} "(3) When a plea of guilty or no contest is accepted pursuant to this rule, the court, except as provided in divisions (C)(3) and (4) of this rule, shall proceed with sentencing under Crim. R. 32." *Page 6 
 {¶ 40} Appellant directs our attention to State v. Watkins,99 Ohio St.3d 12, 2003-Ohio-2419, 788 N.E.2d 635, and our prior decisions inState v. Howell, 7th Dist. No. 04 MA 31, 2005-Ohio-2927, State v.Thompson, 7th Dist. No. 03-MA-31, 2005-Ohio-6448, State v. Jones, 7th Dist. No. 02BE29, 2006-Ohio-3636, and State v. Logue, 7th Dist. No. 02-BE-29, 2004-Ohio-387, for the proposition that a trial court must engage in the dialogue set forth in Crim. R. 11(E), which is essentially a recitation of the information found in Crim. R. 11(B).
 {¶ 41} In State v. Jones, supra, this Court examined each of the cases cited by the present Appellant. In Jones, the defendant pleaded guilty to one count of domestic violence. He subsequently appealed his guilty plea and sentence alleging on appeal that the trial court failed to advise him of the effect of both a guilty plea and a no contest plea pursuant to Crim. R. 11(E). We explained that in Logue, supra, we had reversed the defendant's conviction and vacated his pleas because the trial court never advised the defendant that a plea of guilty was a"complete admission of his guilt." Id. at ¶ 47. Whereas inThompson, supra, we found that the defendant's no contest plea was invalid since the trial court failed to inform him of the information in Crim. R. 11(B) relative to no contest pleas. Id. at ¶ 47.
 {¶ 42} We concluded that since the Supreme Court's decision inState v. Watkins, supra, "we must simply determine whether [the trial court] informed the defendant of the information in Crim. R. 11(B)," in order to conclude that it satisfied Crim. R. 11(E). Jones at ¶ 37-46. Based on our prior decisions, we interpreted Crim. R. 11(E) literally and based on the plain language of the rule we found that a *Page 7 
defendant pleading guilty must be advised that such a plea is a complete admission of his guilt pursuant to Crim. R. 11(B)(1) and be advised of the Crim. R. 11(B)(2) language regarding the effect of a no contest plea. Accordingly, we held that Jones' plea was not knowingly, voluntarily, and intelligently made because the trial court failed to advise him of the effect of his guilty plea and the effect of a no contest plea. Id. ¶ 48. We vacated his plea and reversed the trial court's decision.
 {¶ 43} Following Jones, however, we certified a conflict to the Ohio Supreme Court, which accepted the case for review. It specifically addressed the issue of how a court should fulfill its duty to inform a defendant of the "effect of a plea" in compliance with Crim. R. 11(E).State v. Jones, 116 Ohio St.3d 211, 2007-Ohio-6093, ¶ 5. In examining the facts in Jones, the Supreme Court acknowledged that he pleaded guilty to a petty offense and as such, the sentencing court was required to inform him of the effect of his plea. Crim. R. 11(E).
 {¶ 44} The Supreme Court disagreed, however, with our literal application of the language in Crim. R. 11(E). The Court held that the "and" in the rule should be read in the disjunctive, as an "or". Id. at ¶ 16-20. Thus, a court need only advise a defendant of either the effect of a no contest plea or the effect of a guilty plea, but need not explain both, in order to satisfy the "effect of a plea" requirement in Crim. R. 11(E). In Jones' case, the trial court only needed to inform him of the effect of his guilty plea, i.e., Crim. R. 11(B)(1), and not the effect of a no contest plea under Crim. R. 11(B)(2). Id. at ¶ 20. *Page 8 
 {¶ 45} Further, the Supreme Court rejected the argument that a trial judge who advises a defendant of the maximum possible sentence and the right to a jury trial has satisfied the "effect of the plea" requirement. Id. at ¶ 22. Instead, Jones held that, "to satisfy the requirement of informing a defendant of the effect of a plea, a trial court must inform the defendant of the appropriate language under Crim. R. 11(B). * * * [Thus,] before accepting a guilty plea to a misdemeanor for a petty offense, the court was required to inform Jones that a plea of guilty is a complete admission of guilt." Id. at ¶ 25.
 {¶ 46} Upon reviewing the sentencing record in Jones, the Ohio Supreme Court acknowledged that the defendant was advised of the constitutional rights that he was waiving, the maximum penalty that he faced, and whether he understood that he was pleading guilty. This notice, however, was not a substitute for the requirement that the court must explain the effect of the plea, which means an explanation that a guilty plea is a complete admission of guilt pursuant to Crim. R. 11(B)(1). Id. at ¶ 50-51.
 {¶ 47} Although the Jones Court acknowledged that the trial court committed clear error, the Court also concluded the error did not involve a constitutional right. For that reason, the error was not reversible without a showing of prejudice. Prejudice, in this context, means that the plea would not otherwise have been made but for the trial court error. Id. at ¶ 52. Also, a defendant who has entered a guilty plea without asserting his actual innocence is presumed to understand that he has completely admitted his guilt, and, "a court's failure to inform the defendant of the *Page 9 
effect of his guilty plea as required by Crim. R. 11 is presumed not to be prejudicial." State v. Griggs, 103 Ohio St.3d 85, 2004-Ohio-4415,814 N.E.2d 51, at syllabus. Jones did not allege any prejudice from the trial court's failure to tell him that a guilty plea amounts to a complete admission of guilt, and he never claimed that he was innocent. Thus, the Supreme Court determined that he was not prejudiced by the trial court's failure to comply with Crim. R. 11(B)(1), and, "under the totality of the circumstances, Jones was aware that a plea of guilty was a complete admission of guilt * * *." Id. at ¶ 55.
 {¶ 48} A review of the record in this case does not clearly establish that Appellant was advised that a plea of guilty was a complete admission of his guilt. As earlier discussed and cited, the transcript at his plea hearing indicates the judge told Appellant that by entering his guilty plea he was "admitting" he was "involved with" corruption of a minor, not necessarily a straightforward admission of guilt. As such, the trial court may have erred in failing to clearly advise him of the applicable section of Crim. R. 11(B). However, Appellant, as inJones, has not alleged any resultant prejudice. Thus, a review of the plea and sentencing hearing transcript adequately establishes that Appellant must have been aware that his plea was a complete admission of guilt. He was advised of the rights that he was waiving and he specifically acknowledged that he understood the nature of the offense and the maximum penalty. Any error arguably made by the trial court does not constitute reversible error, and Appellant's first assignment of error is overruled. *Page 10 
 {¶ 49} The foregoing analysis is equally applicable to Appellant's second assignment of error in which he claims that he never actually entered a plea. He alleges that the trial court never specifically and expressly asked him to enter his guilty plea. Instead, the trial judge asked him whether he understood that he wished to enter a plea of guilty to the charged offense. Appellant responded in the affirmative. (Feb. 7, 2007, Plea and Sentencing Tr., p. 4.)
 {¶ 50} Although it would certainly have been clearer if the trial court had asked a more direct question about whether Appellant was entering a guilty plea, a review of the record shows that he completely understood the crime he was charged with, the potential penalties, and that he was, in fact, pleading guilty. He acknowledged reviewing the matter with his lawyer, and he agreed on the record that he understood that he wanted to plead guilty to the charge. (Feb. 7, 2007, Plea and Sentencing Tr., pp. 2-4.) He also signed a written waiver of rights upon plea, in which he acknowledged that he was entering a plea. Based on the foregoing, Appellant's second assignment of error lacks merit and is overruled.
 {¶ 51} Appellant has raised a further question about his classification as a sexually-oriented offender. Although Appellant did not stipulate to that classification, it was discussed during the plea hearing and no objections or concerns were raised at that time. Appellant's counsel clearly acknowledged that registration as a sexual offender was one of the consequences of entering into the plea agreement. (Tr., p. 5.) Furthermore, we have found no rule or caselaw that requires the trial judge to have an express discussion with Appellant about the registration requirement. As *Page 11 
noted above, the only requirement that Crim. R. 11(E) imposes in petty offense cases is that the court inform the defendant of the effect of the guilty plea, and we have already reviewed the current state of the law regarding Crim. R. 11(E). We therefore find no reversible error regarding the requirement that Appellant register as a sexually-oriented offender.
 {¶ 52} In conclusion, Appellant may be correct that the trial court failed to completely satisfy Crim. R. 11(E) in accepting his guilty plea, but he has not alleged prejudice from the error and therefore, any error is harmless and is not a basis for reversing the trial court's determination. The record also reflects that Appellant knew he was entering a guilty plea, even though the trial court could have used more precise phrasing when he asked Appellant to enter his plea. Accordingly, Appellant's assignments of error lack merit and are overruled. The trial court's judgment of conviction and sentence are affirmed in full.
Vukovich, J., concurs.
 DeGenaro, P.J., concurs. *Page 1