OPINION
{¶ 1} Defendant-appellant Bryan C. Raby appeals from his conviction and sentence, following a guilty plea, for Furnishing Alcohol to a Minor. Among other things, Raby contends that the trial court erred in accepting his plea without informing him that he had a right to a jury trial. We agree. Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings.
 I {¶ 2} Raby was charged with Furnishing Alcohol to a Minor. Six days after being charged, Raby was arraigned, without counsel, before Acting Judge David P. Mesaros, of the Xenia Municipal Court. At that time, he expressed his desire to plead guilty to the charge, without consulting an attorney. Following a colloquy, Raby's plea of guilty was accepted, and a pre-sentence investigation was ordered.
 {¶ 3} Two months later, Raby appeared before Judge Susan L. Goldie for sentencing. He was sentenced to 90 days in jail, fined $500 plus court costs, and had his driver's license suspended for six months. From his conviction and sentence, Raby appeals. Although Raby began serving his jail sentence, he was later released on bond pending appeal.
 II {¶ 4} Raby's Second Assignment of Error, which we find dispositive, is as follows:
 {¶ 5} "The trial court erred in not informing appellant prior to accepting his plea of guilty that he was waiving his right to a jury trial by pleading guilty because, by failing to do so, the trial court was, in effect, failing to inform appellant of the effect of his guilty plea."
 {¶ 6} The offense with which Raby was charged is a misdemeanor case involving a petty offense, because it is a misdemeanor offense for which the prescribed penalty may not exceed six months. Crim. R. 2(C) and (D). "In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." Crim. R. 11(E).
 {¶ 7} In State v. Horton-Alomor, 2005-Ohio-1537 (Franklin App.), a case cited and relied upon by the State, it has been held that: "A trial court substantially complies with Crim. R. 11(E) by notifying the defendant of both the maximum penalties that could result from the plea and the waiver of the right to a jury trial that results from the plea.City of Columbus v. Simmons (December 28, 1999), Franklin App. No. 99AP-310."
 {¶ 8} The colloquy between Raby and the trial court at the arraignment where Raby's guilty plea was tendered and accepted proceeded as follows:
 {¶ 9} "THE COURT: Mr. Raby, you are charged with furnishing alcohol to minors. The maximum penalty is up to six months in jail and a thousand dollar fine.
 {¶ 10} "How do you want to proceed?
 {¶ 11} "THE DEFENDANT: Guilty.
 {¶ 12} "THE COURT: Do you understand that, by pleading guilty, you are waiving your right to have a trial? That trial could actually be in front of a judge or a jury. Do you understand that?
 {¶ 13} "THE DEFENDANT: Yeah.
 {¶ 14} "THE COURT: You are giving up your right, then, to have an attorney assist you, and, if you are qualified, that could even be the public defender's office. Do you understand that?
 {¶ 15} "THE DEFENDANT: Yeah.
 {¶ 16} "THE COURT: And you are telling me you don't want to have an attorney involved in your case by pleading guilty; is that correct?
 {¶ 17} "THE DEFENDANT: Yes, sir.
 {¶ 18} "THE COURT: You are telling me you don't want to confront any witnesses. You are telling me you don't want to bring in any witnesses on your own behalf and they can even be subpoenaed, if they won't come in voluntarily.
 {¶ 19} "Do you understand?
 {¶ 20} "THE DEFENDANT: Yes.
 {¶ 21} "THE COURT: You are telling me that you are giving up your right to remain silent and that you don't want the State to have to prove the case beyond a reasonable doubt. Is that correct as well?
 {¶ 22} "THE DEFENDANT: Yes.
 {¶ 23} "THE COURT: Are you doing this voluntarily?
 {¶ 24} "THE DEFENDANT: Yes.
 {¶ 25} "THE COURT: Is anybody forcing you or threatening you to enter this plea?
 {¶ 26} "THE DEFENDANT: No.
 {¶ 27} "THE COURT: I'm going to accept your guilty plea as knowingly and voluntarily made.
 {¶ 28} "* * *"
 {¶ 29} We have no doubt that the acting judge intended to advise Raby, by informing him that his trial "could actually be in front of a judge or a jury," that he had a right to a jury trial. Anyone with a little legal training would know that in a case where incarceration is a possible penalty, the decision whether to demand or to forego a jury trial is the defendant's decision to make. But to Raby, a layman, the statement the trial judge made to him falls short of informing him that he had a right to demand a jury trial. For all Raby knew, the decision whether to empanel a jury might have been for the judge who was actually going to hear the case to make; or it might have depended upon circumstances outside of Raby's control, such as whether prospective jurors were available when his case came up for trial. We cannot say that the statement made to him informed him that he had a right to demand a jury trial, which he would be waiving by pleading guilty. This is in contrast to the other rights discussed in the colloquy, where it was made clear to Raby that he would be giving up a right by pleading guilty.
 {¶ 30} It is possible that Raby's right to a jury trial was of no consequence to his decision to plead guilty, and that the trial court's failure to have complied substantially with the minimum requirements of Crim. R. 11(E) is only being seized upon by Raby as a way of extricating himself from an unexpectedly harsh sentence. Nevertheless, we conclude that the trial court did, in fact, err by accepting his plea without informing him that he had a right to a jury trial. While it is possible that Raby would have pled guilty anyway, thereby rendering this error harmless, we are not prepared, on a silent record, to find the error, which is of constitutional dimension since it involves Raby's Sixth Amendment right to a jury, to be harmless beyond reasonable doubt.
 {¶ 31} Reby's Second Assignment of Error is sustained.
 III {¶ 32} Raby's First and Third Assignments of Error are as follows:
 {¶ 33} "The trial court erred in not informing appellant prior to accepting his plea of guilty of the effect of the pleas of guilty, no contest, and not guilty as required by criminal Rule 11(E).
 {¶ 34} "The trial court erred in failing to adequately advise appellant of his right to counsel."
 {¶ 35} These assignments of error are overruled as moot, in view of our disposition of Raby's Second Assignment of Error.
 IV {¶ 36} Raby's Second Assignment of Error having been sustained, and his other assignments of error having been overruled as moot, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
Brogan, P.J., and Young, J., concur.
Hon. Frederick N. Young, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio.