OPINION
{¶ 1} Defendant-appellant, Joseph Jones, Sr., appeals from a Mahoning County Court Number Four judgment denying his motion to vacate his guilty plea to a charge of domestic violence.
 {¶ 2} On August 18, 2004, appellant was charged with three counts of domestic violence, first degree misdemeanors in violation of R.C. 2919.25. These charges stemmed from allegations made by his fiancée's children that appellant hit them with an electric fly swatter. The children were ages 11 and 16 at the time. The matter was set for trial.
 {¶ 3} On March 9, 2005, appellant filed a motion to dismiss based on the unconstitutional application of the domestic violence statute in light of Ohio's Constitutional amendment to include Article XV.[1]
 {¶ 4} Nonetheless, two days later appellant appeared in court for his trial date. At this time, appellant changed his plea to guilty to one count of domestic violence.
 {¶ 5} The trial court found appellant guilty and sentenced him to 180 days in jail, 170 days suspended; a $150 fine, plus jury costs; 12 months of reporting probation; anger management classes; and a psychological evaluation with counseling if necessary. Appellant subsequently retained new counsel and filed a timely notice of appeal.
 {¶ 6} Appellant served his ten-day jail sentence and then filed a motion to stay the balance of his sentence pending appeal. Appellant also filed a motion to withdraw his guilty plea. This court issued a limited remand so that the trial court could rule on appellant's motion to vacate his guilty plea. The trial court held a hearing on the motion and subsequently denied it. Appellant then filed another timely notice of appeal. *Page 2 
 {¶ 7} On appeal, this court reversed appellant's conviction and remanded the matter. State v. Jones, 7th Dist. No. 05-MA-69,2006-Ohio-3636. We found merit to appellant's first assignment of error, which stated:
 {¶ 8} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO INFORM THE APPELLANT OF THE FACT THAT HE COULD ENTER A PLEA OF NO CONTEST TO A CHARGE OF DOMESTIC VIOLENCE, FOR WHICH HE WAS CONVICTED, AS REQUIRED BY OHIO R. CRIM. PROC. 11(E)."
 {¶ 9} We ruled that the trial court did not properly inform appellant of the effect of his plea to the petty misdemeanor of domestic violence pursuant to Crim. R. 11(E). Thus, we concluded that appellant did not enter his plea knowingly, intelligently, and voluntarily. We then certified a conflict on the issue to the Ohio State Supreme Court finding our decision to be at odds with decisions from the Second and Tenth Districts. See State v. Horton-Alomar, 10th Dist. No. 04AP-744,2005-Ohio-1537; State v. Raby, 2d Dist. No. 2005-CA-88, 2005-Ohio-3741.
 {¶ 10} The Ohio Supreme Court subsequently reversed our decision.State v. Jones, 116 Ohio St.3d 211, 877 N.E.2d 677, 2007-Ohio-6093. It held that while our interpretation of the Crim. R. 11(E) language "effect of the plea" was essentially correct, there was no prejudice in this case because appellant was aware that his plea was a complete admission of his guilt. Id. at paragraphs one and two of the syllabus and at ¶ 55.
 {¶ 11} The Supreme Court remanded the matter back to this court to address appellant's second assignment of error. We now address appellant's second assignment of error, which states:
 {¶ 12} "THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR BY OVERRULING APPELLANT'S MOTION TO WITHDRAW PLEA OF GUILTY UNDER CRIM. R. 32.1."
 {¶ 13} Appellant argues here that the trial court erred in failing to grant his *Page 3 
motion to withdraw his guilty plea. He cites at length to the transcript of the hearing on his motion to withdraw his plea. At that hearing, appellant presented his own testimony along with that of his fiancée and her children. He also points to letters from the oldest child, which he attached to his affidavit filed with his motion to withdraw his plea, where she expressed remorse for lying about appellant.
 {¶ 14} On reviewing a trial court's decision on a motion to withdraw a guilty plea, this court applies an abuse of discretion standard.State v. Lintner (Sept. 21, 2001), 7th Dist. No. 732. Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151, 157,404 N.E.2d 144.
 {¶ 15} Crim. R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 16} At the hearing on appellant's motion, appellant called two of his fiancée's children to testify on his behalf. They testified that they made up the allegations about appellant hitting them with a bug zapper and that the prosecutor threatened them. (Motion hearing Tr. 16-18, 27-30). They also stated that they told the prosecutor on the day the case was set to go to trial that they had lied about appellant hitting them. (Motion hearing Tr. 16, 27).
 {¶ 17} Appellant also took the stand. He testified that when he appeared on the day of trial, his attorney told him that one of the children was ready to testify that appellant hit him with the bug zapper. (Motion hearing Tr. 12). He stated that his attorney advised him to take a plea deal whereby he would plead guilty to one count of domestic violence and the state would recommend a ten-day sentence. (Motion hearing Tr. 12-14). He stated that his attorney told him he only had two minutes to make his decision. (Motion hearing Tr. 13). Appellant stated that he took the plea deal because he was afraid if he went to trial he would be sentenced to the full 180 days in jail. (Motion hearing Tr. 14). Finally, when asked whether he felt that he *Page 4 
made the plea knowingly and voluntarily, appellant responded, "yes." (Motion hearing Tr. 14).
 {¶ 18} Finally, appellant's fiancée took the stand. She basically corroborated appellant's testimony. And when asked by the court whether she thought that appellant entered his plea knowingly and voluntarily, she too responded, "yes." (Motion hearing Tr. 46).
 {¶ 19} "In order to prevail on a postsentence motion to vacate that alleges ineffective assistance of counsel, a defendant is required to show that (1) his counsel's performance was, in fact, deficient, and (2) there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and instead, would have insisted on going to trial." State v. Wynn (1998), 131 Ohio App.3d 725, 729,723 N.E.2d 627.
 {¶ 20} In its judgment entry, the trial court found that appellant, through his own admission, entered his plea knowingly and voluntarily. It further stated that it found the arguments of appellant's counsel to be unpersuasive.
 {¶ 21} Despite appellant's testimony, we cannot conclude that the trial court abused its discretion in finding his arguments to be unpersuasive. Appellant called the children to testify that they recanted their story prior to trial and that they were not going to testify against him. He attempted to use this testimony to show that his counsel lied to him when counsel told him that the state had a witness who was ready to testify that he hit the witness with a bug zapper. Appellant contends that had his counsel told him the truth, i.e., had counsel told him the children were not going to testify against him, then he would not have pleaded guilty.
 {¶ 22} It was within the trial court's sound discretion to judge the credibility of these children. Both of them admitted to changing their story regarding appellant and lying to police. Thus, it was reasonable for the court not to believe their testimony. Furthermore, appellant admitted that he entered his plea knowingly and voluntarily. Therefore, appellant's second assignment of error is without merit. *Page 5 
 {¶ 23} For the reasons stated above, the trial court's judgment is hereby affirmed.
[1] In December 2004, the Ohio Constitution was amended to include Article XV. Section 11, the defense of marriage provision, states: "Only a union between one man and one woman may be a marriage valid in or recognized by this state and its political subdivisions. This state and its political subdivisions shall not create or recognize a legal status for relationships of unmarried individuals that intends to approximate the design, qualities, significance or effect of marriage." This amendment has been used to challenge the constitutionality of the domestic violence statute when applied to people who are not related. *Page 1