[Cite as *State v. Tribble*, 2016-Ohio-1170.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

STATE OF OHIO,                              )
                                            )
    PLAINTIFF-APPELLEE,                     )
                                            )       CASE NO. 15 MA 0157
V.                                          )
                                            )       OPINION
JAMES C. TRIBBLE,                           )
                                            )
    DEFENDANT-APPELLANT.                    )

CHARACTER OF PROCEEDINGS:           Criminal Appeal from Mahoning County
                                    Court #2 of Mahoning County, Ohio
                                    Case No. 13 TRC 3526

JUDGMENT:                           Affirmed

APPEARANCES:
For Plaintiff-Appellee              Paul Gains
                                    Prosecutor
                                    Ralph Rivera
                                    Assistant Prosecutor
                                    21 West Boardman St., 6th Floor
                                    Youngstown, Ohio 44503-1426

For Defendant-Appellant             James Tribble, Pro-se
                                    #30264
                                    110 Fifth Avenue
                                    Youngstown, Ohio 44503

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: March 18, 2016

DONOFRIO, P.J.

{¶1} Defendant-appellant, James Tribble, appeals from a Mahoning County Court Number Two judgment denying his post-sentence motion to withdraw his no contest plea to the charge of operating a motor vehicle while impaired.

{¶2} Appellant was arrested on September 28, 2013, for operating a motor vehicle while impaired (OVI), driving under suspension, and having an expired registration. The traffic citation stated that appellant had two prior OVI's in the year 2013, making this his third OVI in 2013. Appellant initially entered a not guilty plea.

{¶3} On October 22, 2013, appellant changed his plea pursuant to a plea agreement with plaintiff-appellee, the State of Ohio. Pursuant to the plea agreement, appellant entered a no contest plea to the charge of OVI. The judgment entry stated that this was a second-offense OVI. The remaining charges were dismissed.

{¶4} The trial court sentenced appellant to 180 days in jail, with 160 days suspended, and six months of probation. The court also suspended appellant's driver's license for one year and ordered him to pay a fine of $850, plus costs. Appellant did not file an appeal from this judgment.

{¶5} Over a year later, on January 16, 2015, a bench warrant was issued for appellant for failure to comply with the terms of his probation. The court set the matter for a probation violation hearing.

{¶6} Appellant, acting pro se, then filed a motion to withdraw his plea on September 1, 2015. The trial court denied the motion. Appellant filed a timely notice of appeal that same day.

{¶7} Appellant, still acting pro se, now sets out three assignments of error. Appellant's three assignments of error all argue that the trial court erred in denying his motion to withdraw his plea. Therefore, we will address them together. Appellant's assignments of error state:

> THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED THE APPELLANT EQUAL PROTECTION AND DUE PROCESS OF LAW WHEN IT DENIED THE APPELLANT'S MOTION TO WITHDRAW HIS PLEA.

THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED THE APPELLANT THE RIGHT TO KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY ENTERED [sic.] PLEA, WHEN IT DENIED HIS MOTION TO WITHDRAW HIS PLEA.

THE TRIAL COURT ABUSED ITS DISCRETION AND UPHELD A VOID CONVICTION WHEN IT DENIED THE APPELLANT'S MOTION TO WITHDRAW HIS PLEA.

**{¶8}** Appellant states that prior to the OVI conviction at issue in this case, he had two prior OVI convictions. Thus, he states this case involved his third OVI offense. Appellant states that as part of his plea deal, he entered a plea to a second-offense OVI instead of a third-offense OVI.

**{¶9}** Appellant now argues that the trial court had no authority to reduce a third-offense OVI to a second-offense OVI. He claims he was subject to the same penalty for a third-offense OVI and, therefore, his plea and conviction are void. Appellant contends he did not knowingly, intelligently, and voluntarily enter his plea because the court "presented a void Rule (11) plea." Finally, appellant asserts the trial court failed to abide by the plea agreement by failing to ensure that his third-offense OVI was reduced to a second-offense OVI. Therefore, he asserts, the trial court should have allowed to him to withdraw his plea.

**{¶10}** On reviewing a trial court's decision on a motion to withdraw a guilty or no contest plea, this court applies an abuse of discretion standard. *State v. Jones*, 7th Dist. No. 05-MA-69, 2008-Ohio-6974, ¶14. Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶11}** Crim.R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶12} A defendant who seeks to withdraw a guilty or no contest plea after the sentence is imposed has the burden of establishing the existence of manifest injustice. *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus, citing Crim.R. 32.1. Under this standard, a post-sentence motion to withdraw a plea is allowable only in extraordinary cases. *Id.* at 264.

{¶13} First, we must point out that appellant has failed to file a transcript of his plea hearing. The appellant bears the burden of demonstrating error by reference to the record of the proceedings in the trial court, and it is the appellant's duty to provide the reviewing court with a transcript. App.R. 9(B); *State v. Davis*, 7th Dist. No. 10-MA-98, 2011-Ohio-3184, ¶23. Without a transcript, it is impossible for this court to review appellant's actual plea.

{¶14} Second, appellant did not file his motion to withdraw his plea until almost two years after he entered his no contest plea. While there is no time limit to file a motion to withdraw a plea after a sentence is imposed, an undue delay between the time when the motion is filed and the reason for filing the motion is a factor adversely affecting the credibility of the movant. *State v. Howard*, 7th Dist. No. 12 MA 41, 2013-Ohio-1437, ¶18.

{¶15} Third, appellant was not subject to the penalty for a third-offense OVI. The trial court's judgment entry of conviction and sentence reflects a second-offense OVI. It does not reflect a sentence for a third-offense OVI as appellant contends.

{¶16} Fourth, contrary to appellant's assertion, the trial court did abide by the plea agreement. It entered a conviction and sentence for a second-offense OVI, which is what appellant entered a plea to.

{¶17} Based on the above, appellant did not meet his burden of establishing a manifest injustice, which is required when pursuing a post-sentence motion to withdraw a plea. Appellant failed to provide a transcript of his plea hearing. Appellant did not file his motion to withdraw his plea until nearly two years after he entered his plea. And the trial court's judgment entry and sentence reflect appellant was convicted of and sentenced for a second-offense OVI, which was lawful and not

void. It was also the offense to which appellant pleaded no contest. Therefore, we cannot conclude the trial court abused its discretion in denying appellant's post-sentence motion to withdraw his plea.

{¶18} Accordingly, appellant's three assignments of error are without merit.

{¶19} For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.

DeGenaro, J., concurs.