[Cite as *State v. Vans*, 2016-Ohio-3263.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 103618

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## GREGORY M. VANS

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED IN PART AND VACATED IN PART

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-14-584781-A and CR-14-585135-A

**BEFORE:** McCormack, J., Keough, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** June 2, 2016

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
820 West Superior Ave., Suite 800
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Adam M. Chaloupka
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

**{¶1}** Defendant-appellant, Gregory M. Vans, violated the terms of his community control sanctions by contacting the victim of his prior offenses of violating a protection order and menacing by stalking. For the violation of the terms of his community control sanctions, the trial court imposed a prison term of 36 months and ordered him not to contact the victim while he was being held in prison. For the following reasons, we affirm his prison sentence but vacate the no-contact order.

**Procedural History**

**{¶2}** Vans was charged in two separate cases with various offenses for stalking and harassing his ex-girlfriend. In Cuyahoga C.P. No. CR-14-585135, he pleaded guilty to violating a protection order, a third-degree felony, and menacing by stalking, a fourth-degree felony; in Cuyahoga C.P. No. CR-14-584781, he pleaded guilty to menacing by stalking, a fourth-degree felony.

**{¶3}** On September 3, 2014, a sentencing hearing was held. In CR-14- 585135, the court merged the two counts; it sentenced Vans on the count of violating the protection order to three years of community control sanctions. The community control sanctions included 180 days in county jail, followed by a term of confinement at the Community Based Corrections Facility ("CBCF"). Vans was also ordered to have no contact with the victim. Furthermore, the court advised Vans that a violation of the community control sanctions could result in 36 months of prison time.

**{¶4}** In CR-14-584781, the trial court also sentenced Vans to three years of community control sanctions, which also included 180 days in county jail followed by a term of confinement at the CBCF and a no-contact order. The court also advised Vans that a violation of the community control sanctions could result in 18 months of prison time.

**{¶5}** The trial court ordered the sentences in the two cases to be served consecutively, but gave him jail-time credit of 134 days. Vans appealed from his sentence. He claimed the trial court erred in failing to include the statutory findings for his consecutive terms of community control sanctions in its journal entry, but did not challenge the consecutive terms themselves. This court sustained his assignment of error and reversed the matter for the limited purpose of incorporating the findings into the court's journal entry. *State v. Vans*, 8th Dist. Cuyahoga No. 102062, 2015-Ohio-613.

**{¶6}** Vans completed his 12-month jail term and entered the CBCF on April 16, 2015. On June 22, 2015, the trial court found Vans to have violated his community control sanctions by contacting the victim. The court, however, permitted him to remain at the CBCF but reiterated the no-contact order. The court authorized the CBCF to monitor him with a GPS device during permitted outings.

**{¶7}** Vans was scheduled to complete his six-month stay on October 12, 2015. However, a month before he was to be released from the CBCF, he again violated his community control sanctions by contacting the victim. The victim and her coworkers

received "hang-up" telephone calls. The GPS monitoring device also showed he had also gone to the victim's place of employment.

{¶8} The trial court found him to be in violation of his community control sanctions and, on September 24, sentenced him to 36 months in prison for the offense of violating a protection order. The court gave him credit for the 12-month jail time and the time he had spent at the CBCF. The trial court also prohibited him from contacting the victim during his prison term.

**Instant Appeal**

{¶9} On appeal, Vans raises two assignments of error. For ease of discussion, we address the second assignment first, which raises issues regarding his original sentencing in September 2014. The second assignment of error states:

> The trial court erred by ordering a jail sentence longer than six months, which is in direct violation of R.C. 2929.16, and then erred in ordering further confinement after that at CBCF, which ultimately led to Appellant to illegally being sent to prison.

{¶10} Vans's argument under the assignment is not well articulated. From what we can discern, he claims that, for his offenses in the two cases, R.C. 2929.16 only authorizes the trial court to sentence him to up to six months in jail. He claims both the consecutive jail terms and the term at the CBCF following his jail time were unlawfully imposed. He argues that, because the term at the CBCF was unlawfully imposed, his conduct of contacting the victim while at the CBCF could not constitute a violation of his community control sanctions.

{¶11} There are several issues implicated in Vans's assignment of error: (1) whether the sentencing issues Vans now raises are barred by res judicata, given that he did not challenge these aspects of his sentence on direct appeal; (2) whether consecutive six-month jail terms could be lawfully imposed; (3) whether the trial court could impose a term of CBCF to follow a jail term; and, finally, (4) whether a violation of the community control sanctions could be predicated on Vans's conduct during his stay at the CBCF if the CBCF term had been unlawfully imposed at his original sentencing. In the following, we address these issues in turn.

{¶12} Because Vans did not challenge the legality of his consecutive six-month jail sentences or the additional CBCF term in his direct appeal, we first consider whether the claims are barred by res judicata. Under the law in Ohio, a sentence that is not authorized by statute is void. *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 14; *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961. Void sentences are not precluded from appellate review by principles of res judicata. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 40. Thus, any claim regarding his sentence not raised in his direct appeal would not be barred by res judicata if the sentence is void.

{¶13} The only sentence that a trial court may lawfully impose is that provided for by statute. *State v. Beasley*, 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984). Vans committed multiple felonies in two cases. Instead of imposing prison time, the trial court sentenced him to residential sanctions in both cases. Imposition of residential

sanctions for a felony, in lieu of prison, is authorized by R.C. 2929.16. That statute provides several types of residential sanctions available to the trial court. R.C. 2929.16(A) states:

> [T]he court *imposing a sentence for a felony* upon an offender who is not required to serve a mandatory prison term may impose any community residential sanction or *combination* of community residential sanctions under this section. * * * Community residential sanctions include, but are not limited to, the following:
>
> (1)_A term of up to six months at a community-based correctional facility ["CBCF"] that serves the county;
>
> (2)__Except as otherwise provided in division (A)(3) of this section and subject to division (D) of this section, a term of *up to six months in a jail*;
>
> (3)__If the offender is convicted of a fourth degree felony OVI offense and is sentenced under division (G)(1) of section 2929.13 of the Revised Code, subject to division (D) of this section, a term of up to one year in a jail less the mandatory term of local incarceration of sixty or one hundred twenty consecutive days of imprisonment imposed pursuant to that division;
>
> (4)__A term in a halfway house;
> (5)__A term in an alternative residential facility.

(Emphasis added.)

{¶14} Under R.C. 2929.16(A)(2), the trial court has authority to impose a six-month jail term on a felony offense. Here, however, the trial court imposed consecutive six-month jail terms in the two cases.

{¶15} Whether a trial court may impose consecutive sentences for multiple offenses is governed by R.C. 2929.41 ("Multiple sentences"). R.C. 2929.41(A) provides

that all sentences are concurrent — with three enumerated exceptions. The statute states, in pertinent part,

(A) Except as provided in division (B) of this section, division (C) of section 2929.14, or division (D) or (E) of section 2971.03 of the Revised Code, a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States.

{¶16} Although R.C. 2929.16(A)(2) authorizes the trial court to impose a six-month jail term for a felony, the trial court lacks authority to impose consecutive six-month jail terms for multiple felonies, because it is not one of the three enumerated exceptions under R.C. 2929.41(A). *State v. Barnhouse*, 102 Ohio St.3d 221, 2004-Ohio-2492, 808 N.E.2d 874.

{¶17} Pursuant to *Barnhouse*, therefore, the trial court was without authority to impose consecutive six-month jail terms at Vans's original sentencing in September 2014 for the two felony cases. Therefore, his original consecutive six-month jail terms were void. This court would have required a remand for resentencing to correct the error had Vans raised this claim in his direct appeal. Vans, however, did not raise the issue in his direct appeal, and we can provide no remedy for him now regarding the length of his jail term, because he has served his jail time and the issue is moot. *State v. Gruttadauria*, 8th Dist. Cuyahoga No. 90384, 2008-Ohio-3152, ¶ 9.

{¶18} The next question is whether the trial court had authority at Vans's original sentencing to order Vans to serve a term at the CBCF following his time in county jail. Vans relies on R.C. 2929.41(A) for his claim that the term at the CBCF was unlawfully imposed.

{¶19} Vans's reliance on R.C. 2929.41 is misplaced. That statute deals with punishment for multiple offenses. Here, the trial court sentenced him to a six-month jail term followed by a term at the CBCF for *each* count of his felony offenses (violating the protection order in CR-14-585135 and menacing by stalking in CR-14-584781). Although the trial court could not impose consecutive six-month jail terms pursuant to *Barnhouse*, a *combination* of residential sanctions (such as a jail sentence and a term at CBCF) is expressly permitted by R.C. 2929.16 for a felony offense. Therefore, Vans's claim that the trial court unlawfully ordered him to serve a term at the CBCF following his jail term is without merit.

{¶20} Finally, even if, for arguendo sake, the imposition of the term at the CBCF were unlawfully imposed, we would still reject Vans's claim that his conduct of contacting the victim while serving time at the CBCF could not constitute a violation of his community control sanctions. The no-contact order is part of his three-year community control sanctions, regardless of whether he was serving time at the CBCF. It is undisputed Vans violated the no-contact order while still under the three-year period of community control sanctions. Therefore, the trial court's subsequent imposition of 36

months for his original offense with credit given for the time he already served in county jail and at the CBCF was lawful. The second assignment of error is overruled.

**{¶21}** Vans's first assignment of error states:

The trial court erred in [sic] when it imposed a no contact with the victim because the trial court had no authority to do so because it sentenced Appellant to a prison term of incarceration.

**{¶22}** This very issue was confronted by the Supreme Court of Ohio in a recent decision, *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512. The Supreme Court of Ohio reasoned that a no-contact order is a community control sanction and, because a trial court cannot impose a prison term and a term of community control sanctions for the same felony offense, a no-contact order cannot be imposed for an offense when a defendant receives a prison term for the same offense. The Supreme Court of Ohio held that the trial court erred in imposing the no-contact order while sentencing the defendant to a prison term. The state in the instant case concedes the error. We are bound to follow the holding of the Supreme Court of Ohio. The no-contact order portion of Vans's sentence is vacated. The first assignment of error is sustained.

**{¶23}** Judgment affirmed in part and vacated in part.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
EILEEN A. GALLAGHER, J., CONCUR