[Cite as *State v. Ward*, 2016-Ohio-4908.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 15 BE 0053 |
| V. | ) | |
| | ) | OPINION |
| JEFFREY LEE WARD, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from Court of Common
Pleas of Belmont County, Ohio
Case No. 15 CR 99

JUDGMENT:     Affirmed

APPEARANCES:
For Plaintiff-Appellee     No brief filed

For Defendant-Appellant     Attorney John M. Jurco
P.O. Box 783
St. Clairsville, Ohio 43950

JUDGES:

Hon. Gene Donofrio
Hon. Mary DeGenaro
Hon. Carol Ann Robb

Dated: June 30, 2016

DONOFRIO, P.J.

{¶1} Defendant-Appellant, Jeffrey Lee Ward, appeals his conviction and sentence entered in the Belmont County Common Pleas Court following his guilty plea to pandering obscenity involving a minor and the denial of his request to withdraw his guilty plea.

{¶2} On April 3, 2015, a complaint was filed in the Belmont County Court, Eastern Division, accusing Appellant of buying, procuring, possessing, or controlling obscene material that has a minor as one of its participants in violation of R.C. 2907.321(A)(5), a felony of the fourth degree.

{¶3} Appellant waived a preliminary hearing and his case was bound over to the Belmont County Court of Common Pleas.

{¶4} On May 18, 2015, Appellant signed a written waiver of prosecution by indictment and consented to prosecution by information. He then entered a plea of guilty to the charge.

{¶5} A sentencing hearing was held on June 15, 2015. Appellant was sentenced to five years of community control sanctions. This included up to six months in the Belmont County jail. Upon release he was to serve six months in the Eastern Ohio Correction Center (EEOC). Upon release from EEOC, Appellant, *inter alia,* was sentenced to 12 months of intensive supervised probation, 36 months of regular probation, and 80 hours of community service. He was also required to register as a Tier II Sex Offender.

{¶6} On July 23, 2015, the trial court received a letter from Appellant stating that he was forced into a plea deal because he never received his discovery packet. He also indicated that he was trying to appeal his case.

{¶7} The trial court filed the letter and, on July 24, 2015, filed a docket and journal entry indicating that it was treating the letter as Appellant's request to withdraw his guilty plea and as a notice of Appellant's desire to appeal his conviction. The trial court overruled Appellant's request to withdraw his guilty plea and appointed counsel to assist Appellant with his appeal.

{¶8} On November 30, 2015, appointed appellate counsel filed a Motion to

Withdraw and Appellate Counsel's Appellate Brief Pursuant To *State v. Toney,* 23 Ohio App.2d 203, 262 N.E.2d 419 (7th Dist. 1970)*.*

{¶9} The procedure set out in *Toney,* at the syllabus, is as follows:

3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.

4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.

5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.

\* \* \*

7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed.

*State v. Spann,* 7th Dist. No. 15 MA 0047, 2016-Ohio-1061, ¶ 10-12; *State v. Messner*, 7th Dist. Mahoning No. 12 MA 0127, 2013-Ohio-4166, ¶ 7. See also *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

{¶10} Pursuant to *Toney,* on December 21, 2015, this court filed a judgment entry informing Appellant that appointed appellate counsel filed a motion to withdraw and a no merit brief. This court allowed Appellant thirty days in which to file his own

written brief, listing any assignments of error he chose. Appellant did not file a pro se brief. The State did not file a brief. Accordingly, we review the trial court's denial of Appellant's request to withdraw his guilty plea. We also review his plea hearing and his sentence.

**{¶11}** First, we consider whether Appellant's guilty plea was entered pursuant to *Boykin v. Alabama,* 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) and *Johnson v. Zerbst* 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). The entering of a guilty plea involves the relinquishment of both constitutional and nonconstitutional rights. Thus, a guilty plea must be made voluntarily, knowingly, and intelligently. *State v. Martinez,* 7th Dist. No. 03-MA-0196, 2004-Ohio-6806, ¶ 11, citing *Boykin* at 243. The United States Supreme Court has explained that in order for a reviewing court to determine whether a guilty plea was voluntary, the United States Constitution requires that the record show that the defendant voluntarily and knowingly waived his constitutional rights. *State v. Nero,* 56 Ohio St.3d 106, 107, 564 N.E.2d 474 (1990) citing *Boykin* at 242-243.

**{¶12}** Crim.R. 11(C) "was adopted in order to facilitate a more accurate determination of the voluntariness of a defendant's plea by ensuring an adequate record for review." *Nero* at 107.

**{¶13}** Crim.R.11(C)(2)(c) addresses the constitutional rights a defendant waives by entering a guilty plea. With regard to those rights, this Court has explained:

> A trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives (1) the right to a jury trial, (2) the right to confront one's accusers, (3) the right to compulsory process to obtain witnesses, (4) the right to require the state to prove guilt beyond a reasonable doubt, and (5) the privilege against compulsory self-incrimination. When a trial court fails to strictly comply with this duty, the defendant's plea is invalid. (Crim.R. 11(C)(2)(c), applied.)

*State v. Elmore,* 7th Dist. No. 08-JE-0036, 2009-Ohio-6400*, ¶ 9 quoting *State v. Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, syllabus.

**{¶14}** With regard to Appellant's constitutional rights, the trial court specifically explained to Appellant that he had the right to a jury trial (Plea Tr. 10); that he had the right to confront his accusers (Plea Tr. 11); that he had the right to compulsory process to obtain witnesses (Plea Tr. 11); that he had the right to require the State to prove guilt beyond a reasonable doubt (Plea Tr. 10-11); and that he had a privilege against self-incrimination (Plea Tr. 11-12). Thus, the trial court strictly complied with the dictates of Crim.R. 11(C)(2)(c).

**{¶15}** The non-constitutional rights of a defendant are addressed in Crim.R. 11(C)(2)(a)(b). Those rights are that 1) the defendant must be informed of the nature of the charges, 2) the defendant must be informed of the maximum penalty involved, which includes an advisement on post-release control, if it is applicable, 3) the defendant must be informed, if applicable, that he is not eligible for probation or the imposition of community control sanctions, and 4) the defendant must be informed that after entering a guilty plea or a no contest plea, the court may proceed to judgment and sentence. *State v. Freeman,* 7th Dist. No. 14 MA 0025, 2014-Ohio-5725, ¶ 19. See also *State v. Wright,* 7th Dist. No. 09 MA 0001, 2009-Ohio-4636, ¶ 13, and *Veney* at ¶ 10-13. With regard to what is required when addressing the non-constitutional rights under Crim.R. 11, the Ohio Supreme Court has explained:

> Literal compliance with Crim.R. 11 is certainly the preferred practice, but the fact that the trial judge did not do so does not require vacation of the defendant's guilty plea if the reviewing court determines that there was substantial compliance.

*Nero* at 108. The Supreme Court continued:

> Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications

of his plea and the rights he is waiving.

*Nero* at 108.

**{¶16}** With regard to Appellant's non-constitutional rights, the trial court explained to Appellant that he was charged with a violation of R.C. 2907.312(A)(5), a felony of the fourth degree, pandering obscenity involving a minor (Plea Tr. 3); that the maximum penalty was 18 months in prison and a $5000.00 fine (Plea Tr. 3); that he would be classified as a Tier two sex offender which meant that for the next 25 years he would have to report to the county sheriff every six months (Plea Tr. 3-4); that after his guilty plea the court could immediately proceed to sentence him (Plea Tr. 5); that the State was not opposed to community control sanctions, but that the court did not have to agree to the same (Plea Tr. 7-8); that as a part of his sentence Appellant was subject to post release control (Plea Tr. 9); and that there was no mandatory prison term (Plea Tr. 10).

**{¶17}** In addition, the trial court asked Appellant if he had reviewed the written pink plea document with counsel. (Plea Tr. 8). Appellant indicated that all of his questions had been answered and that he had no further questions. *Id.* Appellant stated he was satisfied with the advice and competence of his counsel. *Id.* He said he understood the charge and the possible penalties, including the registration requirement. (Plea Tr. 4). Appellant was told that he could postpone the hearing for at least 24 hours but he chose to waive that option. (Plea Tr. 4). He stated that he understood that he had the right to appeal and that he had the right to an attorney for any appeal. (Plea Tr. 12). Appellant also signed a written guilty plea. Thus, the trial court substantially complied with Crim.R. 11 and properly advised Appellant about his nonconstitutional rights.

**{¶18}** Based on the foregoing, Appellant's guilty plea was voluntary, knowing, and intelligent.

**{¶19}** Second, this court considers the trial court's denial of Appellant's request to withdraw his guilty plea. Crim.R. 32.1 sets forth the procedure for a defendant to withdraw a guilty plea. The Rule states:

A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

Thus, after sentencing, the court should set aside a conviction and allow a defendant to withdraw a guilty plea only to correct a manifest injustice.

**{¶20}** The withdrawal of a guilty plea after sentencing is permitted only in extraordinary cases. *State v. Smith,* 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). The burden is on the defendant to establish the existence of manifest injustice. *Id.* Whether or not to grant the motion is left to the sound discretion of the trial court. *Id.* The trial court is to weigh the good faith and credibility of the defendant's assertions. *Id.* In reviewing a trial court's decision on a motion to withdraw a guilty plea, this court applies an abuse of discretion standard. *State v. Tribble,* 7th Dist. No. 15 MA 0157, 2016-Ohio-1170, ¶ 10, citing *State v. Jones,* 7th Dist. No. 05 MA 0069, 2008-Ohio-6974, ¶ 14. Abuse of discretion is more than an error of law or judgment; it implies that the trial court's judgment is unreasonable, arbitrary, or unconscionable. *Tribble* at ¶ 10, citing *State v. Adams,* 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶21}** In its entry denying Appellant's request to withdraw his guilty plea, the trial court explained that during the plea proceedings Appellant stated that his counsel had explained everything to him and answered all of his questions. (Docket and Journal Entry, July 24, 2015). Appellant's only asserted reason for his request to withdraw his plea was that his counsel never received a discovery packet. *Id.* Based on this, the trial court concluded that Appellant failed to establish a manifest injustice. *Id.* The other statements in Appellant's letter to the court relate to factual issues about the age of the victim when certain photos were taken, the state of undress when certain photos were taken, and whether or not Appellant was near a computer on the day a photo was sent to other individuals. Appellant claims he was forced into a plea and, although he might profit from an anger management class, he does not

believe he would profit from a remorse class as he now states he did nothing wrong.

**{¶22}** Based on this record, the trial court did not act unreasonably, arbitrarily, or unconscionably when it concluded that Appellant failed to establish a manifest injustice. The trial court did not abuse its discretion. Thus, the trial court's decision to deny Appellant's post-sentence request to withdraw his guilty plea is affirmed.

**{¶23}** The last issue this court addresses is Appellant's sentence.

**{¶24}** R.C. 2953.08(G) provides that appellate courts review felony sentences to determine if they are contrary to law. *State v. Marcum,* Slip Opinion No. 2016-Ohio-1002. "[A]n appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Id.* at ¶ 23. Pursuant to *Marcum,* we no longer review felony sentences for abuse of discretion. *Id.* at ¶ 1 ("an appellate court need not apply the test set out by the plurality in *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124").

**{¶25}** In determining the appropriate sentence, the trial court is directed to consider the purposes and principles of sentencing as espoused in R.C. 2929.11, the seriousness and recidivism factors enumerated in R.C. 2929.12, and the permissible statutory ranges as set forth in R.C. 2929.14.

**{¶26}** Appellant pleaded guilty to a fourth degree felony. The possible prison sentences for a fourth degree felony are six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months. R.C. 2929.14.

**{¶27}** In sentencing a felony offender, the trial court must consider the overriding principles and purposes set forth in R.C. 2929.11. Those purposes are to protect the public from future crime by the offender and others and to punish the offender. The trial court did so in this case. The trial court stated that it needed to protect the public and that the sentence had to comply with R.C. 2929.11. (Sent. Tr. 4-6).

**{¶28}** The trial court shall also consider various seriousness and recidivism factors as set out in R.C. 2929.12. The court must consider factors that indicate if

offender's conduct is more serious than conduct normally constituting the offense (R.C. 2929.12(B)); whether the offender's conduct is less serious than conduct normally constituting the offense (R.C. 2929.12(C)); whether the offender is likely to commit future crimes (R.C. 2929.12(D)); and whether the offender is not likely to commit future crimes (R.C. 2929.12(E)).

**{¶29}** In this case, the trial court stated that it considered the factors in R.C. 2929.12(B)(C)(D)(E). (Sent. Tr. 4). The trial court explained that it reviewed the record and the presentence investigation report. (Sent. Tr. 4). With regard to factors favoring incarceration, the trial court noted that Appellant engaged in sexual relations with a 16 year old when Appellant was 24 years old. *Id.* At the time of this offense, Appellant was on misdemeanor probation. *Id.* The trial court stated that it believed the victim suffered injuries that are exacerbated and worsened because of her young age although she might not yet realize or recognize the consequences. (Sent. Tr. 4-5). The trial court noted that the presentence investigation report indicated Appellant used threats and intimidation to compel an ongoing relationship. (Sent. Tr. 5). Appellant threatened the victim, the trial court explained, with publication of pictures of the victim and carried out the threat. *Id.* The trial court stated it saw no remorse on the part of Appellant. *Id.* The trial court also considered the factors weighing against incarceration. It noted that Appellant had a relatively good record with only one misdemeanor for theft offenses. (Sent. Tr. 4). The trial court observed that Appellant had primarily led a law-abiding life and that this offense was committed under circumstances that are unlikely to occur again if Appellant followed his community control sanctions. (Sent. Tr. 5). The trial court noted that both counsel agreed that community control sanctions were necessary and otherwise reasonable and appropriate, pursuant to R.C. 2929.13, especially since the trial court would then be better able to maintain control of Appellant. (Sent. Tr. 5-6; June 15, 2015, Sentencing Judgment Entry).

**{¶30}** The trial court repeated these considerations in its sentencing judgment entry and indicated that it considered the record, the oral statements, the

presentence report, and the principles and purposes of sentencing pursuant to R.C. 2929.11. (June 15, 2015, Sentencing Judgment Entry). The trial court further explained that it had balanced the seriousness and recidivism factors as required by R.C. 2929.12. *Id.*

**{¶31}** The felony sentencing statutes are contained primarily in R.C. 2929.11 to R.C. 2929.19. These statutes require trial courts to impose either a prison term or community control sanctions on each count. *State v. Anderson,* 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, ¶ 23. The trial court noted R.C. 2929.11(A)'s directive to use the minimum sanctions necessary to protect the public and punish the offender without imposing an unnecessary burden on state or local governmental resources. Where a prison term is not mandatory, the trial court may impose any sanction or combination of sanctions provided in R.C. 2929.14 to R.C. 2929.18. The trial court stated that it, with the agreement of the parties, concluded that, after considering all of the above, the appropriate sentence was a combination of community control sanctions. This, the trial court states, would allow it to better maintain control over Appellant. (Sent. Tr. 6). The trial court accordingly sentenced Appellant to a combination of community control sanctions including residential sanctions (R.C. 2929.16), nonresidential sanctions (R.C. 2929.17), and financial sanctions (R.C. 2929.18). (Sent. Tr. 6 – 10; June 15, 2015, Sentencing Judgment Entry). Specifically, the trial court imposed a combination of jail time and community control sanctions which are statutorily permitted. *State v. Van,* 8th Dist. No. 103618, 2016-Ohio-3263, ¶ 19.

**{¶32}** Thus, Appellant's sentence was not contrary to law. The trial court considered the principles and purposes of sentencing under R.C. 2929.11, the seriousness and recidivism factors set out in R.C. 2929.12, and whether Appellant should be sentenced to prison or community control sanctions pursuant to R.C. 2929.13 through R.C. 2929.18.

**{¶33}** Based upon the review of the file and the appellate filings, there are no appealable issues and the appeal is frivolous. Accordingly, appointed appellate

counsel's motion to withdraw is granted and the trial court's judgment is affirmed.

DeGenaro, J., concurs.

Robb, J., concurs.