[Cite as *St. Clairsville v. Anderson*, 2017-Ohio-7703.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| CITY OF ST. CLAIRSVILLE, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 16 BE 0038 |
| V. | ) | |
| | ) | OPINION |
| JASMINE ANN ANDERSON, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:    Criminal Appeal from Belmont County
Western Division Court, Belmont
County, Ohio
Case No. 16 CRB 00274

JUDGMENT:    Affirmed

APPEARANCES:
For Plaintiff-Appellee    No brief filed

For Defendant-Appellant    Jasmine Anderson, Pro-se
14 Elm Street
Brookside, Ohio 43912

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

Dated: September 13, 2017

DONOFRIO, J.

{¶1} Defendant-appellant, Jasmine Anderson, appeals from a Belmont County Western Division Court judgment convicting her of violating a local ordinance prohibiting dogs from running at large.

{¶2} On March 12, 2016, Carla Vicker contacted police to report that her daughter Cheryl Vicker had been bitten by a large black dog, which was accompanied by its owner, while Carla and Cheryl were walking on the local bike trail. Cheryl subsequently gave a statement to police.

{¶3} On May 13, 2016, a complaint was filed charging appellant with violating St. Clairsville City Ordinance 505.01. Appellant pleaded not guilty.

{¶4} The ordinance provides in pertinent part that no owner of any dog shall fail at any time to do either of the following:

(1) Keep the dog physically confined or restrained upon the premises of the owner, * * * by a leash, tether, adequate fence, supervision, or secure enclosure to prevent escape.

(2) Keep the dog under the reasonable control of some person.

St. Clairsville Ordinance 505.01(c). The violation of this section is a minor misdemeanor for a first offense and a fourth-degree misdemeanor for each subsequent offense. St. Clairsville Ordinance 505.01(f)(1).

{¶5} The matter proceeded to a bench trial. Appellant appeared pro se. The trial court found appellant guilty of violating the ordinance. It ordered her to pay a $100 fine plus costs, and to pay restitution of $100. It also placed her on two years non-reporting probation and ordered that she not take any dogs on the bike trail unless the dogs completed obedience training. The court suspended the fine as long as appellant abided by her probation terms.

{¶6} Appellant filed a timely notice of appeal on July 13, 2016. She is proceeding with this appeal pro se.

{¶7} Appellant's brief fails to comply with several appellate rules. Pursuant to the Appellate Rules, the appellant's brief shall include, among other things, a table of contents; a table of cases, statutes, and other authorities cited, with references to

the pages of the brief where cited; and a statement of the assignments of error. App. R. 16(A). Appellant has failed to include these items. Nonetheless, despite her noncompliance with the Appellant Rules, we will consider her arguments in the interest of justice.

{¶8} Appellant raises five issues for our review.

{¶9} First, appellant contends there was a procedural error because the victim's mother (Carla) instead of the victim (Cheryl) filed the complaint against her.

{¶10} The record indicates that it was Carla who called the police to report that her daughter Cheryl had been bitten by a large, black dog on the bike trail. Later that same day, Cheryl gave a written statement to the police regarding the incident. But neither Carla nor Cheryl filed the actual complaint. The complaint is signed by Lieutenant Mike Troullos. It is irrelevant who made the initial call to the police.

{¶11} Second, appellant states that she requested medical records and photographs from appellee but was only provided with a copy of an insurance bill.

{¶12} Appellant filed a discovery motion on June 2, 2016, requesting "[a]ll relevant materials, doctor[']s reports, photographs or evidence." A copy of the insurance bill is included in the record.

{¶13} There is no indication what evidence may have existed that appellee should have provided. Additionally, appellant never filed a motion to compel appellee to comply with her request. And because appellant did not file a transcript of the trial in this case, there is no way of knowing if there was any evidence produced of the type appellant sought. The appellant bears the burden of demonstrating error by reference to the record of the proceedings in the trial court, and it is the appellant's duty to provide the reviewing court with a transcript. App.R. 9(B); *State v. Tribble*, 7th Dist. No. 15 MA 0157, 2016-Ohio-1170, ¶ 13.

{¶14} Third, appellant claims her right to a speedy trial was violated.

{¶15} On June 2, 2016, appellant filed a motion to dismiss on speedy trial grounds.

{¶16} A person charged with a minor misdemeanor shall be brought to trial within 30 days after the person's arrest or the service of summons. R.C. 2945.71(A).

Various events can toll the speedy trial clock such as continuances on the accused's motion and delays due to the accused's lack of counsel, in addition to other specified tolling events. R.C. 2945.72. If the state fails to bring the accused to trial within the statutory speedy trial time limit, the accused shall be discharged. R.C. 2945.73.

{¶17} The date of the summons was April 4, 2016. Thus, barring any time-tolling events, appellant should have been tried by May 4, 2016.

{¶18} On April 18, 2016, appellant appeared in St. Clairsville Mayor's Court and entered a not guilty plea. Due to her not guilty plea, the case had to be transferred to the Belmont County Western Division Court for trial.

{¶19} Speedy trial time is tolled for any period of delay necessitated by a removal or change of venue pursuant to law. R.C. 2945.72(F).

> The transfer of a case pursuant to R.C. 1905.032 from the mayor's court to the municipal court is a "removal" within the meaning of R.C. 2945.72(F), and the period of delay necessary to the removal is the time from arrest or summons to the date the mayor's court certifies the case to the municipal court.

*Brecksville v. Cook*, 75 Ohio St.3d 53, 1996-Ohio-171, 661 N.E.2d 706, syllabus.

{¶20} On May 16, 2016, appellant's case was transferred from St. Clairsville Mayor's Court to the Belmont County Western Division Court and was set for a trial date of June 2, 2016. Thus, appellant's speedy trial time began to run on May 16. Under this new speedy trial time, appellee had to bring appellant to trial by June 16, 2016.

{¶21} But on May 27, 2016, appellee filed a motion for continuance because witness Cheryl Vicker was unavailable to testify. The court granted this motion and set the trial for June 23, 2016.

{¶22} Speedy trial time is tolled for "the period of any reasonable continuance granted other than upon the accused's own motion." R.C. 2945.72(H). The unavailability of a state's witness is a reasonable basis for a continuance. *State v. Christian*, 7th Dist. No. 12 MA 164, 2014-Ohio-2590, ¶ 18. Thus, the time period

from May 27 to June 23, 2016, was tolled. Given this tolling event, appellant was brought to trial within the 30-day speedy trial time.

{¶23} Fourth, appellant takes issue with what she perceived as a "relationship" between the victim and prosecuting attorney. Appellant claims she overheard a conversation between the prosecutor and the victim's mother where they talked about their children growing up together. She further claims the victim's mother thanked the prosecutor for "taking care of this [case] for us." She also claims that following the trial, the prosecutor went to lunch with the victim and her mother.

{¶24} Appellant offers no evidence from the record of any type of "relationship" between the prosecutor and the victim. Moreover, even if the prosecutor and the victim were friends or acquaintances, appellant does not assert how this prejudiced her case.

{¶25} Fifth and finally, appellant asserts the victim's testimony did not "match up" with the facts of the case. She asserts that the victim's testimony on cross examination did not make sense and there was no way the events could have occurred in the manner the victim testified they did.

{¶26} Again, appellant has failed to file a transcript of the trial. It is appellant's burden to demonstrate error by reference to the record of the proceedings in the trial court. App.R. 9(B); *Tribble*, 7th Dist. No. 2016-Ohio-1170, ¶ 13. Appellant has failed to meet her burden here.

{¶27} For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.

Robb, P.J., concurs.